Argued June 27; affirmed July 9, 1935.

ARTHUR *v.* PARISH

(47 P. (2d) 682)

*Chester A. Sheppard,* of Portland (Sheppard & Phillips, of Portland, on the brief), for appellant.

*Barnett H. Goldstein,* of Portland, for respondent.

BELT, J. This is an action on a promissory note, payable on demand, dated June 20, 1929, in the sum of $9,647.17. The execution and delivery of the note is admitted, but the amount due thereon is denied. As an affirmative answer the defendant alleges partial payment. The gravamen of the defense is thus set forth in the following paragraphs of the answer:

"I.

That heretofore, at Portland, Oregon, said C. E. Forsyth, deceased, loaned money to one Wallace Huntington, taking Huntington's note therefor; thereafter said note outlawed without being paid. This note is referred to in this answer as note No. 1. Thereafter said C. E. Forsyth engaged this answering defendant to collect, if possible, said note No. 1; that this answering defendant thereafter obtained from said Huntington a note, payable to this answering defendant, in renewal of note No. 1, which said renewal note is dated March 7, 1928 for eighty-seven hundred eighty-two dollars and sixty-four cents ($8,782.64) with interest at 7% per annum. This note is referred to in this answer as note No. 2.

"II.

This answering defendant was, at said times, indebted to said decedent, C. E. Forsyth, or Lidia Lowe, on another note for ten thousand dollars ($10,000.00), dated January 22, 1910 due on or before one year after date, drawing 7% per annum interest. This note is referred to in this answer as note No. 3.

## "III.

That after the execution and delivery of note No. 2 to this defendant by said Huntington this defendant then executed and delivered to said Forsyth the note described in the amended complaint, which is referred to in this answer as note No. 4, not only for the amount of said note No. 2 but also for an agreed balance unpaid and then due on said note No. 3 described in this answer.

## "IV.

Thereafter, and at the special instance and request of the said C. E. Forsyth, this defendant endorsed note No. 2 and delivered it to said C. E. Forsyth in partial payment of and to be credited upon note No. 4, as part payment thereof, leaving the balance of said note No. 4, which is the note in suit, as the difference between note No. 2 and note No. 4, due to Forsyth from this defendant, less payments on note No. 4.''

The above affirmative matter was denied in the reply.

The cause was submitted to a jury with instructions to answer the following question of fact: "Is the defendant entitled to credit on his note to Charles E. Forsyth, herein sued upon, in the amount of the Huntington note of $8,782.64, dated March 7, 1929?", and the answer was "Yes". It was the sole issue of fact in the case. Thereupon judgment was entered accordingly in favor of the plaintiff—the amount of the judgment being the difference between the amounts due on the two notes.

Plaintiff moved for a new trial upon the grounds, (1) irregularity in the proceedings of the court; (2) insufficiency of the evidence to justify the verdict and that it is against law; (3) errors in law occurring at the trial and excepted to by plaintiff. The trial court set

aside the judgment and granted a new trial for the following reasons, as recited in the order:

"1. That the court erred in admitting in evidence the Will of the deceased;

"2. That the court erred in excluding testimony offered by the plaintiff of declarations made by the deceased, Mr. Forsyth, in his favor, after having permitted to be received in evidence statements made by the deceased against his interest;

"3. That the court erred in excluding plaintiff's Exhibits 7 and 8 for identification, being Memoranda made by the deceased in his own handwriting of certain items which included the notes involved in the litigation herein;

"4. That the court erred in failing to give the cautionary instruction relative to the oral admissions of a party;

"5. That the evidence clearly did not justify the verdict of the jury, and that to sustain said verdict would be a gross miscarriage of justice."

From the order granting a new trial, the defendant appeals.

■■ In determining whether the court erred in granting a new trial, "all intendments are in favor of the order made by the trial judge.", *Cicrich v. State Industrial Accident Commission,* 143 Or. 627 (23 P. (2d) 534), and, as stated in *American National Bank v. Kerley,* 109 Or. 155 (220 P. 116, 32 A. L. R. 262), such order "must be affirmed if during the trial any prejudicial error was committed of which the respondents can complain * * *." In *Timmins v. Hale,* 122 Or. 24 (256 P. 770), it is said:

"* * * there is a clear and well-recognized distinction between the power of the trial court on the one hand to set aside a judgment and grant a new trial, and the power of the Supreme Court to reverse a judgment upon appeal."

It is immaterial that no exception was taken to the ruling of the court. In the case last cited, Mr. Justice RAND, speaking for the court in a well-considered opinion, has reviewed the authorities on the subject. No further restatement of the same is considered necessary.

■ Section 2-802, Oregon Code 1930, thus sets forth the grounds for new trial on motion of the party aggrieved:

"1. Irregularity in the proceedings of the court, jury, or adverse party, or any order of the court, or abuse of discretion, by which such party was prevented from having a fair trial;

"2. Misconduct of the jury or prevailing party;

"3. Accident or surprise which ordinary prudence could not have guarded against;

"4. Newly discovered evidence, material for the party making the application, which he could not with reasonable diligence have discovered and produced at the trial;

"5. Excessive damages, appearing to have been given under the influence of passion or prejudice;

"6. Insufficiency of the evidence to justify the verdict or other decision, or that it is against law;

"7. Error in law occurring at the trial, and excepted to by the party making the application."

Section 2-805, Oregon Code 1930, provides that when the motion is made for a cause mentioned in subdivisions 1, 2, 3, or 4 of the above section, "It shall be upon affidavit, setting forth the facts upon which such motion is based." The first ground for the motion in the instant case, namely, "irregularity in the proceedings of the court", may be disregarded for the reason that no affidavit is in the record setting forth facts showing any irregularity in the proceedings: *Karberg v. Leahy,* 144 Or. 687 (26 P. (2d) 56).

Relative to the second ground for the motion, namely, "insufficiency of the evidence to justify the verdict", we are convinced, in view of the conflict of evidence concerning the special finding of fact submitted to the jury, that it also may be disregarded. Art. VII, § 3, Constitution of Oregon, providing that "no fact tried by a jury shall be otherwise re-examined in any court of this state, unless the court can affirmatively say there is no evidence to support the verdict", controls. In the light of this constitutional amendment, the court cannot concern itself with the weight of the evidence, as that is a matter within the exclusive province of the jury. Defendant testified that it was the understanding and agreement between Charles E. Forsyth, deceased, and said defendant that the note set forth in the complaint was to represent the amount of the Huntington note and the interest due on the $10,000 note—the principal of the latter note having been paid. This testimony was corroborated by Fern Hills, a stenographer in the employment of Mrs. V. A. C. Ahlf, who said that she heard Forsyth make the statement to the defendant that the latter would receive credit for the Huntington note. The trial judge undoubtedly considered the story of Parish to be highly unreasonable and improbable, but we pass the same without comment. Suffice it to say, the weight of the evidence was a matter for the determination of the jury.

It remains to be determined whether any errors in law occurred in the trial of the case prejudicial to the rights of the plaintiff. Some loose expressions may be found in various opinions of this court relative to the exercise of discretion in granting new trials, but we think no discretion is involved concerning positive rules of law. The law is either one thing or another and the trial court has no discretion in its applica-

tion to the facts of a given case. An appellate court, however, is more liberal in its consideration of the rulings of a trial court where a new trial has been granted than where a judgment is sought to be reversed on appeal.

The first error of law alleged to have been committed is the reception in evidence of the last will and testament of Charles E. Forsyth, deceased. It was offered in evidence by the defendant to show the interest of Gertrude Arthur, executrix of the estate and a residuary legatee under the will. Gertrude Arthur was called as a witness for the defendant. In the event the defendant received credit for the Huntington note, it is plain that Gertrude Arthur would be vitally interested. When she was called as a witness, the defendant impliedly vouched for her credibility. The only purpose for which the defendant could offer the will in evidence was, without doubt, to discredit the testimony offered by Gertrude Arthur. A different question would be presented had she been a witness called by the plaintiff. It is fundamental that, as a general rule, a party can not impeach the credibility of his own witness. However, courts differ as to what comes within the meaning of the term "impeachment". According to the weight of authority, such evidence should have been excluded for the reason that it is inconsistent for a party to vouch for the credibility of a witness and then undertake to discredit it: 70 C. J. 946; 28 R. C. L. 642. Such ruling is criticized in Wigmore on Evidence (2d Ed.) § 901. It is at most, however, an error of no great importance and would not, in itself, be sufficient to sustain the ruling of the trial court in the instant case.

The second alleged error is "in excluding testimony offered by the plaintiff of declarations made by the deceased, Mr. Forsyth, in his favor, after having

permitted to be received in evidence statements made by the deceased against his interest''. Gertrude Arthur testified on cross-examination, when she had been recalled as a witness on behalf of the defendant, that she called the defendant Parish on the telephone at the request of Forsyth and that she recognized the voice of Parish over the telephone. Witness the following portion of the record:

"Q. And then did you hear the conversation over the phone from Forsyth to Parish? A. Yes.

"Q. And what did you hear?

"Mr. Smith: Just a minute—

"Mr. Phillips: Objected to as incompetent, irrelevant and immaterial.

"The Court: The objection is overruled.

"Mr. Smith: We ask an exception.

"Q. What did you hear? A. Uncle Charlie (Forsyth) said, 'Bert (Parish) I want some money on that note.'

"Q. And then after that,—of course you couldn't hear what the other side said,—do you know whether any money was paid on that note? A. When Uncle Charlie turned back from the phone, he said,—

"Mr. Goldstein: (Interrupting) You would not be permitted to testify to that. I assume that objection would be made to that.

"The Court: That is not competent."

In view of evidence of declarations against the interest of the deceased, we think the witness should have been permitted to testify to what the decedent said about the defendant's answer to the inquiry concerning payment of the note. True, counsel for plaintiff stated that such evidence would not be admissible and thereby tended to lead the court into error. If this were a case of setting aside a judgment on appeal, counsel for plaintiff would clearly be precluded from complaining, but, as before stated, a different question is under consideration. Payment of the note was a vital issue in

the case and it may be that the jury would have reached a different conclusion had the declarations of decedent in his favor been admitted in evidence. No offer of proof is necessary as the matter arose on cross-examination.

■ In our opinion, the trial court also erred in excluding certain memoranda, marked for identification as plaintiff's exhibits 7 and 8, made by the deceased in his own handwriting, pertaining to the notes involved in this litigation. These exhibits were in the nature of declarations in favor of the decedent. At least, they constituted some evidence from which the jury might have drawn an inference that the note which is the basis of this action did not represent the Huntington note and the interest on the $10,000 note. At the time these memoranda were made, the decedent was apparently endeavoring to list various notes owned by him. Among them we find the Huntington note of $8,782.64 and the Parish note of $9,647.17.

■ The trial court also gave as a reason for setting aside the judgment the failure to give cautionary instructions relative to oral admissions of a party. This is a matter which rested within the discretion of the court and, in itself, was not, in our opinion, prejudicial to the rights of the plaintiff. It is, nevertheless, a matter for consideration in determining whether the ruling of the lower court should be sustained.

We conclude that, when the record is considered in its entirety, the interests of justice are duly subserved by allowing a new trial.

It follows that the order of the lower court setting aside the judgment and granting a new trial is affirmed.