Argued March 4, reversed and remanded May 19, petition for
rehearing denied July 14, 1965

## BEEMER *v.* LENSKE
402 P. 2d 90

Reuben Lenske, Portland, filed briefs pro se.

*Robert P. Dickinson,* Portland, argued the cause

for respondent. With him on the brief were Latourette, Latourette & Dickinson, Portland.

Before McALLISTER, Chief Justice, and SLOAN, GOODWIN, HOLMAN and LUSK, Justices.

SLOAN, J.

Plaintiff, a certified public accountant, brought this action to recover compensation he alleged was due him for professional services rendered to defendant. Plaintiff recovered on a jury verdict. Defendant appeals from the judgment entered on the verdict. The complaint had alleged, in one count, a balance due on a *quantum meruit* basis. The second count alleged an account stated. The answer was a general denial and a counterclaim for damages. Nearly all of the evidence was directed to the *quantum meruit* allegation. The verdict was on that basis.

Plaintiff had done an extensive amount of accounting work for defendant in an attempt to help defendant's defense to a federal charge of income tax evasion. The issue in dispute in the instant case was the amount of time that plaintiff and his associates had devoted to defendant. Defendant also attempted to prove that plaintiff had not performed his work with adequate skill.

■ There are 21 assignments of error. We are concerned with the assignments directed at the court's refusal to permit defendant to cross-examine plaintiff as to plaintiff's failure to discover errors in the government's accounting in the criminal case. The court ruled that the defense that plaintiff had not performed in a workmanlike manner must be affirmatively alleged, and since it had not been, the court refused to permit defendant to cross-examine plaintiff as men-

tioned. The court erred. We will not, however, consider other claims that the court erred in refusing to permit defendant to produce similar evidence from other witnesses. There were no offers of proof by which we can judge. An offer of proof is not necessary for the refusal to permit cross examination of plaintiff. *Arthur v. Parish,* 1935, 150 Or 582, 591, 47 P2d 682.

■ In an early Oregon circuit court case, *Albee v. Albee,* 1871, 3 Or 321, 325, it was held that a defendant by his answer must apprise plaintiff that defendant intends to challenge the skill and diligence of the performance of plaintiff's alleged services. The case is wrong and is overruled. *Beverly Hospital v. Early,* 1935, 292 Mass 201, 197 NE 641, 100 ALR 1332; *Caverly v. McOwen,* 1878, 123 Mass 574, a case involving the professional services of an attorney; and *Evans v. Mason,* 1957, 82 Ariz 40, 308 P2d 245, 65 ALR2d 936.

■ In *Brush v. Miller,* (Mo App 1948), 208 SW2d 816, 819, the more acceptable rule was stated that "In an action in quantum meruit for services rendered by the plaintiff, it is competent for the defendant to show, under a general denial, any matter affecting the value of the services, such as the fact that the work was unskillfully performed. * * *."

This error permeated the trial and requires a reversal. By so holding we do not mean to infer in the slightest that the work was not performed with professional competence. We only hold that defendant was entitled to present evidence directed to the issue.

The other assignments have been examined and found to be without merit.

Reversed and remanded.