Argued March 2, reversed and remanded March 16, 1966

# STILLWELL *v.* STATE INDUSTRIAL ACCIDENT COMMISSION

### 411 P. 2d 1015

*Donald J. Howe,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Robert Y. Thornton, Attorney General, and Wallace Carpenter, Assistant Attorney General, Salem.

*Sam Kyle,* Albany, argued the cause for respondent. With him on the brief were Willis, Kyle, Emmons & Kropp, Albany.

Before McAllister, Chief Justice, and Perry, Sloan, Holman and Schwab, Justices.

SCHWAB, J. (Pro Tempore).

The single issue submitted to the jury in the court below was: "Did the plaintiff suffer an accidental injury arising out of and in the course of her employment by the Linnhaven Nursing Home on or about the 18th day of February, 1964?" The jury answered in the affirmative and defendant commission appeals on the ground that "the court erred in sustaining plaintiff's objection to defendant's question put to the plaintiff on cross-examination which sought to elicit a prior oral statement inconsistent with plaintiff's testimony on direct examination."

The pertinent portion of plaintiff's testimony fol-

lows: She commenced employment as a nurse's aid at the nursing home on or about February 11, 1964. On February 18th, 1964, she was working the 2 p.m. to 8 p.m. shift. She entered a room occupied by two elderly male patients at about 4:30 p.m. and suffered a back sprain as a result of being pulled across a bed by one of the patients. Only the plaintiff and the two patients, both of whom died prior to trial, were in the room at the time. She went home at 8 p.m. and went to bed. She did not report the accident to her employer until about 5 p.m. the following day.

Her testimony on direct examination concerning the events of the morning of February 19th included the following:

"Q When your husband wakened you the next morning, I think you said it was around 10:30, as near as you can recall?
"A Yes.

"Q What condition did you find yourself in then?
"A I tried to get up and couldn't get up.

"Q Why not?
"A I couldn't get my own self out of the bed.
"* * * * *

"Q Did your husband assist you in any way?
"A Yes, sir.

"Q What did he do?
"A He stood up and I told him not to move and let me pull my weight against him in order to get myself out.

"Q And you pulled yourself up onto him, is that right?
"A Yes, sir.

"Q Did you get up at 10:30?
"A Yes, sir."

■ And on cross-examination the following colloquy occurred:

"Q You remember talking to Harry Jacobsen on or about April 10, 1964?①

"A I wouldn't know any of the men's names.

"Q You remember telling one investigator that your husband for some reason instead of coming home at 8 o'clock that morning② stayed out with some of the boys in the bar and drank until 12 noon when he came home?

"MR. KYLE: I'm going to object to that question, Your Honor. I don't see what possible relevancy it has to this case.

"THE COURT: Sustained."

■ On appeal plaintiff contends that the information sought was immaterial. ORS 45.570 provides:

"The adverse party may cross-examine the witness as to any matter stated in his direct examination, or connected therewith, and in so doing may put leading questions; * * *."

In *Ah Doon v. Smith,* 25 Or 89, 93, 34 P 1093, this court said:

"* * * Under this statute, and the rule there provided, a party has no right to cross-examine a witness except as to facts and circumstances stated on his direct examination or connected therewith;

---

① It was not necessary to lay the foundation for impeachment of a witness required by ORS 45.610. A plantiff's statement prior to trial may be properly admissible against plaintiff in a personal injury action under the admission of a party hearsay exception, and can also be used to impeach plaintiff as a prior inconsistent statement; and in the latter event no foundation for impeachment is necessary since the prior inconsistent statement is that of a party to the action. Walker v. West Coast Fast Freight, Inc., 233 F2d 939, 942 (9th Cir 1956).

② The full context makes it clear that the reference was to the morning of February 19, 1964.

but within this limitation great latitude should be allowed in conducting the examination."

In *Mannix v. The Portland Telegram,* 136 Or 474, 490, 284 P 837, 297 P 350, 300 P 350, we held:

"* * * Where an adverse witness gives testimony bearing upon a question directly in issue, cross-examination with respect to such testimony is a matter of right and a denial of that right is reversible error [citing numerous authorities from other jurisdictions]."

Here the question on cross-examination went directly to statements of fact made by the plaintiff in her direct testimony.

■ Plaintiff also argues that even assuming that the cross-examination was erroneously limited, an "offer of proof" was necessary to preserve the error on appeal and defendant waived the error by not making such an offer. An offer of proof is not necessary as to matter sought to be elicited on cross-examination. *Arthur v. Parish,* 150 Or 582, 47 P2d 682; *Beemer v. Lenske,* 80 Or Adv Sh 647, 402 P2d 90.

Reversed and remanded.