Argued July 11, affirmed August 23, 1968

## STATE OF OREGON, *Respondent, v.* ALBERT DOOLIN, *Appellant.*

444 P. 2d 541

*Oscar D. Howlett,* Portland, argued the cause and filed a brief for appellant.

*Jacob B. Tanzer,* Assistant Chief Deputy District Attorney, Portland, argued the cause for respondent. With him on the brief was George Van Hoomissen, District Attorney, Portland.

Before McAllister, Presiding Justice, and O'Connell and Denecke, Justices.

McALLISTER, J.

The defendant, Albert Doolin, was convicted in Multnomah county of armed robbery of a grocery

store and sentenced to life imprisonment. He appeals and assigns as error only the denial of his motion for a mistrial.

The state called several witnesses who identified defendant as one of the two robbers. Defendant testified that he spent the evening of the robbery in a tavern with friends and called several witnesses to corroborate his alibi. During the closing argument by the district attorney the following occurred:

> "MR. MERTEN:
>
> "* * * * *
>
> "Now, secondly, whenever an attorney—whenever a party in any case presents a witness, that attorney and party in the case—in this case the parties of the State of Oregon, have to vouch for the credibility of that witness. Mr. Howlett would want you to—
>
> "MR. HOWLETT:
>
> "I move for a mistrial. That is an absolute false statement of the law.
>
> "MR. MERTEN:
>
> "That's not false."

The court denied the motion for mistrial and gave the following cautionary instruction:

> "THE COURT: Mr. District Attorney, conclude your argument. I think at this point I'll instruct you, members of the jury, to disregard the last argument or statement of the District Attorney in his argument and this is argument, that the State vouches for the credibility of all of the witnesses it calls. That's a comment on the law and that's a matter—the attorneys can argue about the law, but the Court will instruct you on the law as to how you evaluate the witnesses testimony at the conclusion of the argument."

We find nothing prejudicial in the brief reference by the district attorney to the rule that a party calling a witness vouches for his credibility. For a recognition of that rule and of its criticism by Wigmore, see *Arthur v. Parish,* 150 Or 582, 589, 47 P2d 682 (1935); 3 Wigmore, Evidence (3d ed) 383, § 896 et seq.

In view of the prompt interruption by defense counsel, we need not speculate as to whether further comment by the district attorney concerning the credibility of the witnesses might have been prejudicial. It is sufficient to say that under the circumstances of this case, the court properly denied the motion for mistrial. *State v. Nichols,* 236 Or 521, 538, 388 P2d 739 (1964).

The judgment is affirmed.