Submitted on record and appellant's brief June 25,
affirmed September 5, 1968

## STATE OF OREGON, *Respondent, v.*
## DUANE EDWARD MATT,
*Appellant.*

444 P. 2d 914

No appearance for respondent.

Gary D. Babcock, Public Defender, Salem, filed a brief for appellant.

Before PERRY, Chief Justice, and McALLISTER, SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

HOLMAN, J.

This is an appeal from a conviction for the crime of larceny of an automobile. Defendant maintains the trial court erred in admitting the testimony of a police officer relative to attempted exculpatory but incriminating statements made by defendant concerning where he had secured the vehicle.

Defendant admits there was evidence that he was advised of his constitutional rights and that he told the police officer he was familiar with his rights and was willing to make a statement. He contends, however, that the evidence was insufficient to sustain a finding that he had waived his right to have the advice of counsel at the time he was being questioned because there was no evidence of any *express* statement that he had waived his right to counsel. He bases his contention on the following language found in *Miranda v.*

*Arizona*, 384 US 436, 475, 86 S Ct 1602, 16 L ed2d 694, 10 ALR3d 974 (1966):

"An express statement that the individual is willing to make a statement and does not want an attorney followed closely by a statement could constitute a waiver. But a valid waiver will not be presumed simply from the silence of the accused after warnings are given or simply from the fact that a confession was in fact eventually obtained. A statement we made in *Carnley v. Cochran*, 369 U. S. 506, 516 (1962), is applicable here:

" 'Presuming waiver from a silent record is impermissible. The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver.' "

■■ *Carnley v. Cochran* was a case in which an accused was tried without benefit of counsel. The record was silent as to whether he had been informed that he was entitled to counsel and whether he had refused counsel. It was contended that it should be presumed that defendant waived the benefit of counsel. The Supreme Court held that waiver could not be presumed from a silent record. The literal interpretation given the language quoted in *Miranda* by defendant does not seem justified by the facts of *Carnley v. Cochran*. In the present case defendant was informed of his rights and stated that he understood them and was willing to make a statement. Without any evidence of a prior substantial period of questioning, defendant responded to a request for information concerning where he had obtained the vehicle. Certainly, it could not have been intended by the court in *Miranda* that the only way a waiver might be accomplished was by the use of the words: "I am willing to answer questions without the services of a lawyer." There is no magic in these words.

Any clear and unambiguous conduct by a person who has been advised of his rights which indicates his willingness to answer questions without a lawyer is surely sufficient. If one is subjected to a protracted period of questioning after warning it could be claimed that his will was overcome despite his understanding of his rights. In the present case, however, this did not occur. A verbal acknowledgment of understanding and willingness to talk, followed by conduct which is consistent only with a waiver of his right to have his lawyer present, by one who has been advised of his rights, constitutes an effective waiver of his right to counsel at that stage of the proceeding.

 Admittedly, the language quoted in *Miranda,* if isolated and taken literally, would indicate to the contrary. However, we are doubtful that this was what was meant because we can discern neither logic in, nor necessity for, such a requirement. There is other language in the opinion which is inconsistent with such a literal interpretation. On page 473-474 the following language is found:

> "Once warnings have been given, the subsequent procedure is clear. If the individual indicates in any manner, *at any time prior to* or during questioning, that he wishes to remain silent, the interrogation must cease. At this point he has shown that he intends to exercise his Fifth Amendment privilege; any statement taken after the person invokes his privilege cannot be other than the product of compulsion, subtle or otherwise. * * *" (Emphasis ours.)

This language indicates that ability to question a custodial suspect after warning is not dependent upon a statement by him that he is willing to make a statement. For a similar holding see *State v. Wright* decided this day, 251 Or 121, 444 P2d 912 (1968). While

we are here concerned with the waiver of the right to the advice and presence of a lawyer, rather than a waiver of the right to remain silent, the two are so similar that there is no basis for requiring a specific verbal waiver in one and not the other.

■ Defendant contends that there could be no understanding waiver because he was in a condition of intoxication. The evidence of the state shows that defendant was arrested for being drunk, and that forty-five minutes later when he made the responses complained of, he was still slurring his words and was difficult to understand. We are not prepared to say that the evidence disclosed a degree of drunkeness on defendant's part which would make it impossible, as a matter of law, for the trial judge to find that he understood and waived his rights. His memory of what occurred at the time of arrest, and the fact he was able to manufacture a tale concerning how the vehicle had been loaned to him, was evidence from which the trial judge could conclude that his intoxication was insufficient to prevent an understanding waiver of his rights.

The judgment of the trial court is affirmed.