Argued February 7, affirmed February 26, 1969

STATE OF OREGON, *Respondent, v.*
ROBERT LAWRENCE KARCHER,
*Appellant.*
451 P. 2d 110

*P. J. Washburn,* Roseburg, argued the cause and filed a brief for appellant.

*Lauren K. Loveland,* Deputy District Attorney, Roseburg, argued the cause for respondent. On the brief was Doyle L. Schiffman, District Attorney, Roseburg.

Before PERRY, Chief Justice, and SLOAN, GOODWIN, HOLMAN and HAMMOND, Justices.

HOLMAN, J.

Defendant appealed from a conviction of the unlawful possession of narcotics. He contends the court erred in admitting evidence of admissions and confessions made by him during interrogation by the police because of non-compliance with the require-

ments of *Miranda v. Arizona*, 348 US 436, 86 S Ct 1602, 16 L ed2d 694 (1966).

■ He first claims that evidence of his admissions and confessions was inadmissible because he had not been warned prior to making the statements that he was entitled to have the services of a lawyer at government expense if he was financially unable to secure one. The trial court held that he had been adequately warned in this respect. Therefore, it is our duty to determine whether there was evidence of sufficient historical facts to sustain the trial court's holding. *Ball v. Gladden*, 250 Or 485, 443 P2d 621 (1968). The trial court found that financial inability to pay was not specifically mentioned to defendant, but that, nevertheless, he had been adequately informed. We hold there was evidence of sufficient historical facts to warrant such a conclusion. One of the police officers who questioned defendant testified that prior to interrogation defendant was told that if he wanted an attorney to be present one would be furnished to him. This was an unconditional offer regardless of defendant's financial condition. It was a broader offer of legal assistance than the law required and therefore was sufficient.

■ Defendant also claims that there was insufficient evidence of a waiver by him of his rights because there was inadequate evidence that he understood the warnings given him. He contends that it was necessary for him to demonstrate his understanding by responding affirmatively to an inquiry concerning whether he comprehended. Defendant was never asked if he understood the warnings. There was evidence that upon being warned he told the officer that he did not want an attorney. This was sufficient to indicate that, at least, he understood that part of the

warning. We are of the opinion that asking an accused whether he understands the warning given him does very little, if anything, to guarantee his understanding. We do not believe such an inquiry and an affirmative response is necessary in order to assure compliance with *Miranda*. Cf. *State v. Wright*, 251 Or 121, 444 P2d 912 (1968), and *State v. Matt*, 251 Or 134, 444 P2d 914 (1968). A warning is sufficient if it appears from the manner in which the warning is given, the responses of the questioned person, his education, and all the other surrounding circumstances that he understood what was being said to him.

Defendant was an intelligent young man who had attended college for a year-and-a-half and who responded to questions rationally and understandingly. The warnings were given in words of common usage. There was nothing about the circumstances of his interrogation which would impair his normal ability to understand such words. In our opinion there was sufficient evidence of facts to sustain the trial court's finding that defendant understood the warnings given him.

The judgment of the trial court is affirmed.