Argued February 7, affirmed March 12, 1969

STATE OF OREGON, *Respondent, v.*
KEITH L. DAVIDSON,
*Appellant.*
451 P. 2d 481

*Ernest Lundeen,* Eugene, argued the cause and filed a brief for appellant.

*Billy L. Williamson,* Deputy District Attorney, Portland, argued the cause for respondent. With him on the brief was George Van Hoomissen, District Attorney, Portland.

Before SLOAN, Presiding Justice, and GOODWIN and HOLMAN, Justices.

HOLMAN, J.

Defendant appealed from a judgment of conviction of the crime of embezzlement by bailee. He was charged with failing to return an automobile to the owner who had given him possession of it for the purpose of allowing him to test it.

■ Defendant's first assignment of error is the court's failure to grant his motion for the discharge of his attorney. Defendant was without funds to secure an attorney and one was appointed for him by the court. Defendant became dissatisfied with his appointed attorney's services and asked that he be removed. No adequate reasons were given to the court for defendant's dissatisfaction and the court denied the motion. Defendant also asked that he be allowed to substitute a hired attorney in which request the court acquiesced. However, defendant failed to secure anyone on this basis. Defendant was forced to trial with his court-appointed lawyer, after being given four continuances. Defendant conducted a large part of the trial himself while his lawyer sat by his side. To recite the facts is to refute defendant's claim of error. Defendant did not have to use the services of the attorney. His knowledge that he did not have to use his attorney's services was demonstrated by the fact that he chose to use him for some parts of the trial and not

for others. He had no right to have another court-appointed lawyer in the absence of a legitimate complaint concerning the one already appointed for him.

Defendant next contends that the court erred in allowing evidence of an admission made by him while he was in custody. There is evidence that substantiates the following state of facts. Defendant was served with a warrant, while at the city jail in Springfield, charging him with crimes involving a vehicle other than that with which this case is concerned. He was immediately warned of his rights and transported the four miles from the Springfield city jail to the Lane County jail in Eugene. Within 30 minutes of the time he was taken into custody at Springfield, and while he was being dressed in at the county jail in Eugene, he was asked a question by the officer who had taken him into custody concerning the vehicle involved in the present case. Defendant then made the incriminating admission in question. Defendant contends that because he was arrested on another charge he had to be re-advised of his rights when he was questioned concerning the present case 30 minutes later.

■ The warning given to defendant was not limited to any specific unlawful conduct, nor do we know of any reason which requires it to be so limited, considering the purpose of the *Miranda*[1] rule. Neither was the length of time between warning and admission sufficient to require a new warning.

■ Defendant also contends there was no articulation by him of any waiver of his right to have the advice of counsel and his right to remain silent. There was evidence that the warning was given in simple terms and that defendant, a person of apparently nor-

---

[1] Miranda v. Arizona, 384 US 436, 86 S Ct 1602, 16 L ed2d 694, 10 ALR3d 974 (1966).

mal intelligence, stated that he understood the warning and thereafter made the statements without any prolonged period of questioning or coercive atmosphere. It is not always necessary to articulate a waiver. It may be shown by the manner in which the questions are asked, the responses that are made, the age, experience and intelligence of the person being questioned as well as all the other surrounding circumstances. Any clear and unambiguous conduct by a person who has been advised of his rights which indicates his willingness to answer questions without a lawyer is sufficient. *State v. Matt*, 251 Or 134, 444 P2d 914 (1968); *State v. Wright*, 251 Or 121, 444 P2d 912 (1968). There was evidence of sufficient historical facts relative to the circumstances surrounding the admission to sustain the trial court's ruling that defendant was properly warned and waived his right to an attorney and to remain silent. *Ball v. Gladden*, 250 Or 485, 443 P2d 621 (1968).

■■ Defendant's next assignment of error was that the evidence was insufficient to sustain his conviction. He contends that the vehicle was not shown to have been of a value in excess of $75, which was a necessary element of the crime. No one testified to the value of the automobile. However, it was described in detail. The vehicle was taken in August of 1966. It was a 1965 Ford Mustang high performance model with eight cylinders, standard transmission, dual carburetion, radio, heater, wheel covers, and headrest supports. Defendant described it as a nice car, the condition of which he had had checked and that it was in A-1 factory shape. Circumstantial evidence alone is sufficient to establish any necessary element of a crime. *State v. Walker*, 244 Or 404, 410, 417 P2d 1004 (1966). From the evidence of the vehicle's age, equipment and

condition, the jury could draw the inference that beyond a reasonable doubt the vehicle's value was in excess of the sum alleged.

■ Finally, defendant assigns as error his denial of the right to certain cross-examination of a state's witness. The witness testified that at her request defendant took her to the coast to see her husband in an automobile similar to the one he was charged with embezzling. She testified that she told him she hoped they did not get stopped because the "heat" was on her, and that in response he stated he also hoped not, because the car was "hot." Upon cross-examination she was asked what she meant by her statement that the "heat" was on her. She responded by saying that she had to see the police the next morning. She was then asked why the "heat" was on her and she refused to answer and the court did not require her to do so. While it is not clear, apparently the basis for the court's ruling was that the response might have tended to incriminate her. Having testified on direct examination concerning the matter in question without claiming any privilege, she could not avail herself of a Federal Fifth Amendment privilege preventing cross-examination about the same subject. For all that is known, the response to the question, if allowed, might have disclosed that her relations with the police were such that she was subject to coercion, thereby casting doubt upon the veracity of her testimony. It was clearly error not to have allowed cross-examination on the subject.

■ The state claims defendant did not preserve the error of the court's ruling because defendant made no offer of proof concerning the testimony he expected to extract from the witness. The rule requiring an offer of proof in order to preserve an error in the exclu-

sion of evidence does not apply to cross-examination, because the cross-examiner has no way of knowing what the answer to the question would have been. *Stillwell v. S. I. A. C.,* 243 Or 158, 162, 411 P2d 1015 (1966); *Beemer v. Lenske,* 241 Or 47, 49, 402 P2d 90 (1965).

However, we do not believe the error could possibly have been prejudicial. The defendant admitted he took the car from a lot to test it and that he kept it for two weeks until it was found by the police at his home. His only excuse was that he was trying to arrange financing during this time. The evidence was overwhelming against defendant's innocence, even if the witness's testimony had been completely discredited.

The judgment of the trial court is affirmed.