Argued May 5, affirmed November 19, 1969

STATE OF OREGON, *Respondent, v.*
PAUL ALAN SKINNER,
*Appellant.*
461 P. 2d 62

*Ken C. Hadley,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Jesse R. Himmelsbach,* District Attorney, Baker, argued the cause and filed a brief for respondent.

448

O'CONNELL, J.

Defendant appeals from a judgment revoking his probation and imposing sentence upon him.

Defendant was convicted of the crime of burglary not in a dwelling after a plea of guilty. The court suspended the imposition of sentence and placed defendant upon probation for a period of five years. Probation was subject to two conditions: (1) A prohibition against the use of intoxicating liquors, and (2) a prohibition against associating with females under the age of 18 years. About a year later defendant, a minor, was arrested for being in possession of alcoholic liquor. While he was in jail his probation officer visited him and elicited from him a confession that he had violated the conditions of his probation.

A revocation hearing was held during which evidence of defendant's confession was admitted and defendant's probation was revoked. Defendant was represented by counsel at the hearing.

Defendant contends that the court erred in admitting evidence of defendant's confession because it was obtained while he was in custody without having been advised of his constitutional rights as defined in *Miranda v. Arizona*, 384 US 436, 86 S Ct 1602, 16 L Ed2d 694 (1966). No objection to the use of the confession was made by defendant or his counsel at the hearing.

Assuming, without deciding, that the defendant was entitled to receive the warnings specified in *Miranda v. Arizona, supra,* he is not entitled to assert the violation of that right on this appeal. Defendant was represented by counsel at the hearing. No objection was made to the admissibility of defendant's confession. We have repeatedly held that an appellant

has no right to assert on appeal an error which could have been asserted in the trial court.[1]

Defendant argues that his counsel made no objection at the hearing because it was not known at that time whether *Miranda v. Arizona, supra,* was applicable to a situation where the accused is interrogated as a preliminary step in the proceedings for the revocation of probation.

We are not impressed by this argument. *Miranda v. Arizona, supra,* laid down a principle applicable not only to the facts before the court in that case but also applicable to a great variety of circumstances in which a person is interrogated by the police or other officers of government. Whether the *Miranda* principle is applicable to a particular fact situation may not be known until the court decides that case. Counsel is not entitled to sit back without objection when his client's confession is introduced and then on appeal argue that he made no objection because there was no case involving an identical set of facts upon which he could rely in support of his objection. There may be circumstances in which it would not occur to counsel representing the accused that the *Miranda* principle would apply to a confession obtained by law enforcement officers. But we do not think that the circumstances of the present case are of this kind.

Defendant argues that if the decision in *Mathis v. United States,* 391 US 1, 88 S Ct 1503, 20 L Ed2d 381 (1968) (handed down on the same day as defendant's hearing) had been known to his counsel at the time of the hearing objection would have been made.

---

[1] State v. Rupp, 251 Or 518, 446 P2d 516 (1968); State v. Matt, 251 Or 134, 444 P2d 914 (1968); State v. Gardner, 231 Or 193, 196, 372 P2d 783 (1962); State v. Avent, 209 Or 181, 183, 302 P2d 549 (1956).

And apparently it would be conceded that if counsel had knowledge of the case at the time of the hearing a failure to object to the use of the confession would have constituted a waiver. In the *Mathis* case the evidence with which defendant was convicted had been obtained from him while he was in jail serving a sentence for another crime. The government sought to narrow the scope of the *Miranda* principle so as to make it applicable only to questioning a person who was in custody in connection with the very case under investigation. The Supreme Court said, "There is no substance to such a distinction and in effect it goes against the whole purpose of the *Miranda* decision which was designed to give meaningful protection to the Fifth Amendment rights." 20 L Ed2d at 385.

*Mathis v. United States, supra,* did not lay down a new constitutional principle that was not known before. It simply held that there was "no substance" to a distinction between questioning a person in custody in connection with the case under investigation and questioning a person who is in custody for another crime. If there is "no substance" to the distinction referred to in *Mathis,* there is no substance to the distinction upon which defendant relies in the present case and in both cases counsel would be expected to make his objection if he felt that his client would be benefited by asserting the constitutional principle involved.

The judgment of the trial court is affirmed.