Argued and submitted July 12, decision of the Court of Appeals and judgment of the trial court affirmed November 16, 1988

# STATE OF OREGON,
*Respondent on Review,*

*v.*

# JEFFREY CURTIS AFFELD,
*Petitioner on Review.*

## (TC CR-85-77; CA A38006; SC S35085)

764 P2d 220

Diane L. Alessi, Deputy Public Defender, Salem, argued the cause and filed the brief for petitioner on review. With her on the petition for review was Gary D. Babcock, Public Defender, Salem.

Philip Schradle, Assistant Attorney General, Salem, argued the cause and filed a response to the petition for review. With him on the response were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

CAMPBELL, J.

## CAMPBELL, J.

Defendant was charged with robbery in the first degree. One Newton was also charged in connection with the same incident, and the two were tried separately. Newton had been found guilty but had not been sentenced at the time of defendant's trial. He refused to testify during the state's case in chief and during the presentation of defendant's evidence, claiming his Fifth Amendment right to not incriminate himself. After defendant had testified, Newton agreed to testify in rebuttal of defendant's testimony. The circuit court allowed Newton to testify but limited the scope of defendant's cross-examination of Newton. Defendant was convicted of the lesser included offense of robbery in the second degree, and the Court of Appeals affirmed. *State v. Affeld,* 90 Or App 26, 751 P2d 229 (1988). The issue addressed by the Court of Appeals was whether the limitation of the cross-examination was proper. We hold that the Court of Appeals should not have addressed this issue because defendant made no offer of proof and failed to raise any issue relating to statutory issues at trial. We affirm the decision of the Court of Appeals and the judgment of the circuit court.

Defendant objected to allowing Newton to testify on rebuttal, claiming that defendant could not adequately cross-examine Newton. Prior to Newton's testifying before the jury, an offer of proof was made to show what Newton's testimony would be. During the offer of proof, defendant, in a simulated cross-examination, attempted to ask Newton about the encounter with the victim. The trial court stated that the question elicited testimony outside the scope of direct examination which had been concerned primarily with whether defendant's rifle was loaded at the time of the robbery. Defendant did not ask any further questions, did not argue that the limitation improperly restricting the scope of cross-examination was contrary to OEC 611(2) and made no offer of proof as to what Newton would have replied to the question.

On appeal, the Court of Appeals, sitting *in banc,* affirmed the conviction over the dissent of four members of the court. Both the majority and dissenting opinions addressed the proper interpretation of OEC 611(2) in attempting to determine whether questioning Newton about

the encounter would exceed the permissible scope of cross-examination.

■　　Normally, an offer of proof is required to preserve error when a trial court excludes testimony. The purpose of this rule is to assure that appellate courts are able to determine whether it was error to exclude the evidence and whether any error was likely to have affected the result of the case. *State v. Jenkins,* 246 Or 280, 281, 424 P2d 894 (1967). In this state, an exception to the general rule has been allowed on cross-examination, and no offer of proof has been required on cross-examination. *State v. Luther,* 296 Or 1, 7, 672 P2d 691 (1983).

*Luther* follows a line of cases, *State v. Davidson,* 252 Or 617, 622-23, 451 P2d 481 (1969); *Stillwell v. S.I.A.C.,* 243 Or 158, 162, 411 P2d 1015 (1966); *Beemer v. Lenske,* 241 Or 47, 49, 402 P2d 90 (1965); and *Arthur v. Parish,* 150 Or 582, 591, 47 P2d 682 (1935), which stated that no offer of proof is required on cross-examination. The only justification for the exception offered by any of these cases is that a cross-examiner has no idea what the answer to the question will be. While this might be so, there is no reason that the cross-examiner should not determine the answer by asking the question as part of the offer of proof.

■　　If an offer of proof could only be made by means of a statement by a party or the party's attorney, the rationale for the rule would be valid. However, an offer of proof may be made by means of a question and answer out of the presence of the jury. Defendant was aware that an offer of proof could be made in such a fashion because the court's restriction on cross-examination was imposed in such an offer of proof, not during testimony before the jury.

■■　　Article VII (Amended), section 3, of the Oregon Constitution requires this court to affirm judgments of lower courts if, in the opinion of this court, the judgment achieved the correct result, even if error was committed. That constitutional provision makes it incumbent on lower courts and the parties appearing in lower courts to ensure that the record reviewed by this court is adequate for this court to make a reasoned decision. A record can be adequate in situations in which the scope of testimony is restricted by the trial court

only if an offer of proof is made. There is no reason not to require an offer of proof on cross-examination.

■ The only situations in which an offer of proof is not required are those situations in which an offer of proof is impossible because of a trial court's refusal to allow the offer of proof to be made. An offer of proof was possible in this situation, and none was made. The holding of *Luther,* and the line of cases it follows, that an offer of proof need not be made on cross-examination, is expressly overruled.

■ Defendant also did not properly raise the issue of the limitation on cross-examination in the trial court. Defendant's only assignment of error was that the trial court denied defendant's motion for a mistrial. On arguing the motion, defendant did not argue that the proposed cross-examination was within the scope of the direct examination but only argued that defendant's right to confront Newton would be violated if Newton were allowed to testify in a limited fashion when the cross-examination would be limited. It was to show that there would be restrictions on cross-examination, not to show that the restrictions were improper, that defendant asked Newton about the incident. Defendant made no argument based on the interpretation of OEC 611(2) at trial and should not be able to argue that theory on appeal.[1]

Defendant's only assignment of error on appeal was that the trial court erred in denying defendant's motion for a mistrial. The substance of the motion was not that it was error to restrict the cross-examination, but that it was error to allow Newton to testify at all when the cross-examination would be restricted. Given the evidence and arguments presented to it, the trial court did not abuse its discretion by denying the motion for a new trial.[2]

---

[1] Although defendant has argued the constitutional issues relating to the right to confront witnesses at every stage of this proceeding, the failure to make an offer of proof prevents this court from addressing that issue. While in certain circumstances this court will consider constitutional issues that are not properly raised and preserved, we choose not to do so under the circumstances of this case because the issue was collateral to the main proceedings.

[2] The jury found defendant guilty of second degree robbery. If the jury had believed Newton's testimony, it would have found defendant guilty of first degree robbery. Given that the jury did not believe Newton, allowing his testimony did not amount to an abuse of discretion.

The decision of the Court of Appeals and the judgment of the circuit court are affirmed.

**LINDE, J.,** dissenting.

I do not object to the principle that a party generally should make an offer of proof as a basis for appealing a trial court's ruling limiting cross-examination, but to apply the principle so as to sustain the present conviction leaves this defendant in an unusual predicament.

I shall not set out the details in this dissenting opinion, but there seems to be little doubt that the trial court improperly limited defense counsel's cross-examination of a prosecution witness contrary to OEC 611(2). Defense counsel did not attempt to place on record what the questions and answers would have been if the intended cross-examination had been allowed. The court now holds that this failure precluded defendant's appeal on that issue.

Ordinarily, if a defendant's appointed counsel commits a significant procedural mistake that materially prejudices her client's defense, the defendant can expect relief in post-conviction proceedings on grounds of inadequate representation by counsel. ORS 138.530. A good argument could be made that this issue should be open for examination on a defendant's direct appeal so as to save a separate proceeding in the circuit court if no new record is needed, but in any event, the law provides that remedy.

In the present case, however, this court for the first time announces a requirement of an offer of proof when a trial court excludes questions on cross-examination, and it expressly overrules its prior contrary decisions. It would be ironic if the state, having won affirmance of the conviction on the ground that defendant failed to preserve the error assigned on appeal, thereafter were to argue that defendant was not denied the adequate assistance of counsel because a competent lawyer had no reason to know that an offer of proof was needed. Defense counsel may, of course, have made other mistakes entitling defendant to post-conviction relief, but there should be no need to pursue that question.

I believe that the majority might well express its view

on the proper procedure, but it should not insist on that procedure as a reason not to correct the error in this defendant's trial. I therefore dissent.