Argued and submitted October 27, 1989, affirmed May 2, reconsideration denied June 13, petition for review denied July 3, 1990 (310 Or 133)

# STATE OF OREGON,
*Respondent,*

*v.*

# EDWARD J. HENDRICKS,
*Appellant.*

## (88C-21285; CA A50753)

791 P2d 139

Steven V. Humber, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Jas. Adams, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

## NEWMAN, J.

Defendant appeals his conviction for sodomy in the first degree. ORS 163.405. He assigns error to the court's exclusion of evidence that he asserts demonstrates that the female victim had made false accusations of sexual misconduct against another man. We affirm.

The state moved before trial to exclude evidence that it anticipated defendant would offer that the victim, a nine year old girl, made accusations to the police that six months previously her stepbrother had asked her "to have sex" with him and had showed her pornographic pictures. It also asked the court to exclude any "cross-examination or mention of that." The state argued that the evidence would be of the victim's "past sexual behavior" and would be inadmissible under OEC 412.

Defendant then outlined the evidence that he would offer: the testimony of the stepbrother and of a detective that the victim had made the accusations to the police about the stepbrother and that there had been no prosecution of him. Defendant did not state that he intended to cross-examine the victim or assert that she was unavailable for cross-examination. Although defendant offered no evidence that the victim had recanted her accusations, he argued that the accusations were false and, therefore, were not evidence of the victim's past sexual behavior and were relevant to the victim's credibility.[1]

The court did not address the evidence under OEC 412. It granted the state's motion on the ground that the alleged accusations did not involve defendant and were irrelevant.

■■ Defendant does not assert here that the excluded evidence was admissible under OEC 412. The state argues that the evidence was properly excluded under OEC 412. Because the evidence was offered as a false accusation, OEC 412 is inapposite. The evidence is not about past sexual behavior

---

[1] At trial, defendant made an offer of proof that consisted of a police report detailing the victim's accusations against the stepbrother and the latter's testimony that the state did not charge him with any sexual offenses where his stepsister was the alleged victim.

under OEC 412. *State v. LeClair,* 83 Or App 121, 730 P2d 609 (1986). Defendant, furthermore, acknowledges that

> "OEC 608(2) * * * forbids any inquiry or cross-examination into specific incidents of conduct for impeachment purposes. Specific instances of conduct include false statements." *State v. LeClair, supra,* 83 Or App at 127. (Footnotes omitted.)

Under OEC 608(2), the evidence would be improper impeachment of the victim and not admissible.

■     Defendant argues, however, relying on *State v. LeClair, supra,* that his state and federal constitutional rights to confrontation entitle him to introduce the evidence. Here, the victim testified at trial and was available for cross-examination. We said in *LeClair,* where the victim was also available for cross-examination, that the Confrontation Clause of the Oregon Constitution requires that the trial court, under certain circumstances, permit a defendant to *cross-examine* a witness about false accusations:

> "[R]egardless of the prohibitions of OEC 608, the Confrontation Clause of Article I, section 11, requires that the court permit a defendant to cross-examine the complaining witness in front of the jury concerning other accusations she has made if 1) she has recanted them; 2) the defendant demonstrates to the court that those accusations were false; or 3) there is some evidence that the victim has made prior accusations that were false, unless the probative value of the evidence which the defendant seeks to elicit on the cross-examination (including the probability that false accusations were in fact made) is substantially outweighed by the risk of prejudice, confusion, embarassment or delay." *State v. LeClair, supra,* 83 Or App at 130.

■■     Defendant's offer of proof did *not* include cross-examination of the victim. Even if his confrontation argument relates to the denial of an opportunity to cross-examine the victim, we are unable to review a contention that the court should have allowed defendant to cross-examine her. *State v. Affeld,* 307 Or 125, 764 P2d 220 (1988). Moreover, there is no basis under the Confrontation Clause or *State v. LeClair, supra,* for admission of the police report or the stepbrother's testimony, independent of an effort by defendant to cross-examine the victim.

We reach the same conclusions under the Sixth Amendment.

Affirmed.