Argued and submitted September 10, affirmed October 24, 1990

## STATE OF OREGON,
*Respondent,*

*v.*

## BEAUFORD DARLING WONDERLING,
*Appellant.*

(89C20253, 89C20254; CA A62419 (Control), A62420)
(Cases Consolidated)

799 P2d 1135

J. Michael Alexander, Salem, argued the cause and filed the brief for appellant. With him on the brief was Burt, Swanson, Lathen, Alexander & McCann, Salem.

Michael C. Livingston, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

## EDMONDS, J.

Defendant appeals his conviction for rape in the first degree, ORS 163.375, sodomy in the first degree, ORS 163.405, and delivery of a controlled substance to a minor. ORS 475.995. He asserts that the trial court erred by excluding evidence that the victim had made false accusations of sexual misconduct against another man.[1] We affirm.

At trial, defendant denied any sexual contact with the victim and sought to impeach her testimony by introducing evidence concerning statements that she made to police officers during their investigation of an earlier sexual assault on the victim by another man. The trial court sustained the state's objection to the evidence and defendant made an offer of proof. According to the offer of proof about the earlier incident, the victim told the investigating officer:

> "[The suspect] did not use a condom and penetrated [the victim's] vagina with his penis. * * *
>
> "* * * * *
>
> "[After engaging in other sexual activities with the victim, the suspect] then reinserted his penis in her vagina."

A medical examination conducted the day after the earlier incident was inconclusive on the question of penetration. Two days later, the victim made a statement to another officer, who reported:

> "She did not describe full penetration and stated that she held her legs together to keep [the suspect] from doing that."

The state argues that, because defendant's offer of proof did not include cross-examination of the victim, defendant failed to preserve the error for review. In his offer of proof, defendant outlined the questions that he proposed to ask the victim.[2] If the victim were to deny making these state-

---

[1] Defendant's other assignments of error do not merit discussion.

[2] Defendant proposed to ask the victim two questions:

"[D]id you say [to the investigating officer] the following words, '[the suspect] did not use a condom and penetrated [the victim's] vagina with his penis,' and later in the statement then, 'reinserted his penis in [the victim's] vagina * * *[?]'

"[O]n or about July 27, 1987, that being the day following, one day later, did you say to [the second investigating officer] the following words: 'She did not describe full penetration and stated that she held her legs together to keep him from doing that.'"?

ments, defendant planned to introduce the testimony of the officers who interviewed her. The parties stipulated that the officers would testify according to their reports. The trial court ruled that the victim's statements did not constitute a false accusation and, therefore, were inadmissible.[3]

In *State v. Affeld,* 307 Or 125, 128, 764 P2d 220 (1988), the Oregon Supreme Court said:

> "Normally, an offer of proof is required to preserve error when a trial court excludes testimony. The purpose of this rule is to assure that appellate courts are able to determine whether it was error to exclude the evidence and whether any error was likely to have affected the result of the case. *State v. Jenkins,* 246 Or 280, 281, 424 P2d 894 (1967)."

An offer of proof is adequate if we are able to determine whether it was reversible error to exclude proffered evidence. Defendant revealed to the trial court the content of his proposed cross-examination of the victim and the other evidence that he would introduce. That information constitutes an adequate offer of proof under *Affeld.*[4]

Defendant asserts that the trial court erred by excluding evidence of the victim's statements regarding the 1987 sexual assault, because "[s]uch statements should constitute a recantation, or at least show that the initial accusation was demonstrably false." In *State v. LeClair,* 83 Or App 121, 130, 730 P2d 609, *rev den* 303 Or 74 (1986), we said:

> "[T]he court [must] permit a defendant to cross-examine the complaining witness in front of the jury concerning other accusations she has made if 1) she has recanted them; 2) the

---

[3] The trial court stated:

> "It will be the Court's ruling in reviewing both of those statements that they do not constitute a false accusation and that, in looking at them as a whole as to the events of those days, that it is not sufficient evidence of a false accusation that would justify examination of this witness as to whether or not she made a false accusation and then recanted. So my ruling will be disfavorable to the defendant in this regard and favorable to the State."

[4] The state's reliance on *State v. Hendricks,* 101 Or App 469, 791 P2d 139, *rev den* 310 Or 133 (1990), is misplaced. There, the defendant argued that his state and federal constitutional rights to confrontation entitled him to introduce evidence that the victim had made false accusations of sexual misconduct against another man. His offer of proof did not include cross-examination of the victim. Relying on *Affeld,* we affirmed exclusion of the evidence. Here, defendant intended to cross-examine the victim, and his offer of proof made the trial court aware of the substance of the proposed examination.

defendant demonstrates to the court that those accusations are false; or 3) there is some evidence that the victim has made prior accusations that were false, unless the probative value of the evidence which the defendant seeks to elicit on cross-examination (including the probability that false accusations were in fact made) is substantially outweighed by the risk of prejudice, confusion, embarrassment or delay."

Defendant does not argue that the evidence was admissible under the third category of evidence in *LeClair*.

We are not convinced that the victim recanted her previous accusation. "Recantation" means the unequivocal public withdrawal of an allegation. *Black's Law Dictionary* 1139 (5th ed 1979). The victim first stated that the suspect had penetrated her vagina. In a later report, she "did not describe full penetration." Although the statements are arguably inconsistent, the victim did not withdraw her earlier description of penetration.

Defendant asserts that the inconsistency in the statements shows that the initial accusation was false. The state counters that, because of the presence of the victim's mother and the victim's apprehensiveness during the second interview, "the trial court reasonably could find that her failure to describe 'full penetration' and that she held her legs together to prevent that were, more likely than not, the result of an unwillingness to disclose details at the time rather than a [demonstration that the accusations were false. *See*] *State v. LaClair, supra* [83 Or App at 131] (probative value of report weak because it stated victim was 'unwilling to talk')." The second report does not say that the victim expressly admitted that her earlier description was not true or that she was asked about the inconsistency. The evidence before the trial court is equally susceptible to an inference that the reason for the discrepancy was that one of the officers misinterpreted her description or did not ask her to describe fully what occurred. We find no error in the trial court's holding that the reports on their face do not demonstrate a false accusation, and that evidence of the victim's accusations was inadmissible.

Affirmed.