***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Argued and submitted September 27, 2022, affirmed January 25, 2023

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

BENFORD LEE CAMERON,
*Defendant-Appellant.*

Umatilla County Circuit Court
19CR65445; A175053

Daniel J. Hill, Judge.

John Evans, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Jennifer S. Lloyd, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Aoyagi, Presiding Judge, and Joyce, Judge, and James, Judge pro tempore.

AOYAGI, P. J.

Affirmed.

**AOYAGI, P. J.**

After an incident with his former partner of more than a decade, with whom he was still cohabitating for the purpose of raising their child, defendant was charged with strangulation constituting domestic violence, menacing constituting domestic violence, and harassment. He waived his right to a jury and was tried to the court. As relevant to this appeal, defendant testified that he is not a violent person and has never been a violent person. The prosecutor inquired on cross-examination about specific instances of violent conduct. During that line of questioning, defense counsel objected to a question about prior convictions for violent crimes, the court overruled the objection, and defendant testified that he was convicted of unlawful use of a weapon (UUW) and interfering with a police officer (IPO) in 2004. On redirect, defendant sought to testify to the circumstances of the 2004 convictions, but the court did not allow it. Defendant was ultimately convicted of the charged crimes. On appeal, he argues that the trial court erred both by allowing the inquiry about prior convictions and by excluding his explanation of the circumstances of those convictions. For the following reasons, we affirm.

Defendant's testimony that he is not a violent person and has never been a violent person was admissible under OEC 404(2)(a) as evidence of a pertinent character trait offered by the accused. The state was then permitted under OEC 405(1) to inquire on cross-examination as to "relevant specific instances of conduct." Here, the prosecutor asked defendant a series of questions about past violent conduct, specifically (1) a prior incident in which defendant punched a door, (2) prior convictions for crimes of violence, and (3) prior restraining orders obtained against defendant. As to (2), the prosecutor asked defendant, "And you've been convicted of crimes of violence before, correct?" Defense counsel objected, "I object to the question. If [the state] wants to ask to offer a specific conviction, he can. However, I would object *because it's outside the 15 years*, so—." (Emphasis added.) The prosecutor responded, "[I]t may be outside the 15 years, but defendant stated he is not a violent person and just testified that he wasn't previously." The court overruled the objection, reasoning that defendant had opened the door. The prosecutor

repeated the question, and defendant answered that he had been convicted of UUW and IPO in 2004. The prosecutor then moved on to prior restraining orders.

In his first assignment of error, defendant contends that the trial court erred by allowing the state to inquire about prior convictions. He acknowledges that the state was *trying* to inquire into specific instances of conduct under OEC 405(1), but he argues that it "did so incorrectly." He argues that, instead of inquiring into specific acts of past violence, the state simply elicited evidence that defendant had prior convictions for two crimes that are not inherently violent. Defendant also argues that the convictions were too old to be alternatively admissible under OEC 609(1)—a point on which the state agrees and which is not in dispute.[1]

We understand the trial court to have relied solely on OEC 405(1) in overruling defendant's objection, so the question before us is whether the court erred in that regard. We agree with the state that our review is limited to plain error, because defendant did not preserve the claim of error that he raises on appeal. In the trial court, defense counsel objected to the prosecutor's question solely on the ground that defendant's convictions were more than 15 years old. Defense counsel never argued—before or after defendant testified to having 2004 convictions for UUW and IPO— that UUW and IPO are not inherently violent crimes and therefore not a proper subject of inquiry under OEC 405(1). Accordingly, we proceed with plain-error review. *See* ORAP 5.45(1) (giving us discretion to correct a "plain" error); *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013) (an error is "plain" when it is an error of law, the legal point is obvious and not reasonably in dispute, and the error is apparent on the record without the appellate court having to choose among competing inferences).

The trial court did not plainly err by allowing the prosecutor to inquire on cross-examination whether defendant

---

[1] Evidence that a witness has been convicted of a crime punishable by more than one year of imprisonment is admissible "[f]or the purpose of attacking the credibility of a witness," OEC 609(1)(a), but not if "more than 15 years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date[,]" OEC 609(3)(a).

had been convicted of "crimes of violence" in the past. Under OEC 405(1), the state was permitted to inquire on cross-examination as to specific instances of violent conduct. The prosecutor asked defendant whether he had been convicted of *crimes of violence*. The prosecutor did not ask specifically about defendant's 2004 UUW and IPO convictions; rather, it was defendant who characterized those convictions as involving "crimes of violence" by answering the question as he did. It is possible that defendant misunderstood the question and answered with prior convictions for *nonviolent* crimes. Both UUW and IPO may be committed in a variety of ways that may or may not be violent. The trial court did not plainly err, however, by allowing the state to inquire about past convictions for "crimes of violence."

Nor was the trial court obligated to intervene *sua sponte* after defendant answered the question—stating that he had been convicted of UUW and IPO in 2004—to confirm with him that those crimes involved violence. Defendant was asked and answered a question about past convictions for "crimes of violence," and both UUW and IPO *can* be committed in violent ways. It was not plain error for the court to accept the answer that defendant gave. We reject the first assignment of error.

In his second assignment of error, defendant challenges the exclusion of his rebuttal testimony regarding the circumstances of the 2004 convictions. The state concedes that it was error not to allow defendant to explain the circumstances of the convictions at least briefly, but it argues that the error was harmless for various reasons.[2]

---

[2] "Harmless error" is a "shorthand reference to a legal standard" under Article VII (Amended), section 3, of the Oregon Constitution. *State v. Davis*, 336 Or 19, 27-28, 77 P3d 1111 (2003). That standard reduces to "a single inquiry: Is there little likelihood that the particular error affected the verdict?" *Id*. at 32. If so, we must affirm, notwithstanding the error. *Id*. Our focus "is on the possible influence of the error on the verdict rendered, not whether this court, sitting as a fact-finder, would regard the evidence of guilt as substantial and compelling." *Id*. Significantly, it is the defendant's burden to show that an evidentiary error prejudiced a substantial right, *i.e.*, was not harmless. *State v. Nguyen*, 293 Or App 492, 498, 429 P3d 410 (2018) ("[D]efendant has the burden to demonstrate that the error affected a substantial right."); *State v. Torres*, 206 Or App 436, 445, 136 P3d 1132 (2006) ("The burden is on a defendant who appeals his conviction to show that a court's error affected a substantial right.").

We agree with the parties that the trial court erred when it did not allow defendant to testify at least briefly to the circumstances of the 2004 convictions. However, we conclude that an offer of proof was necessary to properly preserve that claim of error and to make it possible for defendant to show that the error affected a substantial right, *i.e.*, was not harmless.

"Normally, an offer of proof is required to preserve error when a trial court excludes testimony. The purpose of this rule is to assure that appellate courts are able to determine whether it was error to exclude the evidence and whether any error was likely to have affected the result of the case." *State v. Affeld*, 307 Or 125, 128, 764 P2d 220 (1988); *see also State v. Krieger*, 291 Or App 450, 451, 455, 422 P3d 300, *rev den*, 363 Or 599 (2018) (rejecting claim of error regarding exclusion of testimony, because the defendant "did not make an offer of proof sufficient to permit us to determine whether any error in excluding the testimony was prejudicial," and identifying "several purposes" served by an offer of proof, both in the trial court and on appeal); OEC 103(1)(b) ("Evidential error is not presumed to be prejudicial. Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and * * * [i]n case the ruling is one excluding evidence, the substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked.").

Because there was no offer of proof, we do not know what defendant would have testified regarding the circumstances of the 2004 convictions, which in turn makes it impossible for us to assess whether the erroneous exclusion of that testimony had any likelihood of affecting the verdict. In such circumstances, we must affirm.

Affirmed.