Submitted on record and briefs August 1, affirmed October 25, 1989

# STATE OF OREGON,
*Respondent,*

*v.*

# MICHAEL WAYNE MINNIEWEATHER,
*Appellant.*

(C88-03-33349; .CA A50357)

781 P2d 401

Laura Graser, Portland, filed the brief for appellant.

Dave Frohnmayer, Attorney General, Virginia L. Linder,

Solicitor General, and Wendy J. Paris, Assistant Attorney General, Salem, filed the brief for respondent.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

GRABER, P. J.

## GRABER, P. J.

Defendant appeals from his conviction, after a jury trial, of burglary in the first degree. ORS 164.225. He assigns as error the trial court's ruling that OEC 403[1] does not apply to evidence of prior convictions that is admissible under OEC 609.[2] We affirm.[3]

In response to defendant's pretrial motion to exclude evidence, the trial court held that defendant's prior burglary convictions could be used to impeach his credibility if he were to testify. The court also held that OEC 403, which provides for balancing the probative value of evidence against its prejudicial effect, does not apply to that evidence. *State v. King,* 307 Or 332, 768 P2d 391 (1989), *adopting State v. Dick,* 91 Or App 294, 754 P2d 628, *rev den* 306 Or 528 (1988). Defendant chose not to testify because of the court's ruling. On appeal, he argues that Article I, section 11, "requires that the trial judge consider the prejudicial effect of a defendant's prior conviction [under OEC 403] before the judge allows that conviction to [be] used to impeach the defendant's testimony."[4] Article I, section 11, provides, in relevant part:

"In all criminal prosecutions, the accused shall have the right to public trial by an *impartial jury* in the county in

---

[1] OEC 403 provides:

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay or needless presentation of cumulative evidence."

[2] OEC 609 provides, in relevant part:

"(1) For the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime shall be admitted if elicited from the witness or established by public record, but only if the crime (a) was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, or (b) involved false statement or dishonesty.

"* * * * *

"(3) When the credibility of a witness is attacked by evidence that the witness has been convicted of a crime, the witness shall be allowed to explain briefly the circumstances of the crime or former conviction; once the witness explains the circumstances, the opposing side shall have the opportunity to rebut the explanation."

[3] Defendant's other assignment of error lacks merit and requires no discussion.

[4] In the trial court, defendant asserted that OEC 609, as the court interpreted it, also violates the Due Process Clauses of the Fifth and Fourteenth Amendments, but he does not make those arguments on appeal.

which the offense shall have been committed [and] *to be heard by himself* and counsel * * *." (Emphasis supplied.)

■       Defendant argues, first, that the automatic admission of prior convictions that meet the criteria of OEC 609, without a judicial weighing under OEC 403, effectively denies his right to be heard in his own defense.[5] That is so, he contends, because he "does not have a true choice about whether or not to testify," if his credibility can be impeached in this way. However, a disincentive to testify is not constitutionally infirm merely because it requires a defendant to weigh the alternatives. "The right to be heard is not unlimited." *DeAngelo v. Schiedler,* 306 Or 91, 95, 757 P2d 1355 (1988).

A defendant who testifies may constitutionally be subjected to cross-examination and impeachment, even though the prospect may discourage the defendant's taking the stand. In *State v. Deal,* 52 Or 568, 98 P 165 (1908), the court upheld both the impeachment of the defendant's testimony by evidence of a prior conviction and cross-examination of him. The court rejected a constitutional challenge, reasoning:

"[A] defendant cannot, under the guise of a cross-examination, be compelled, in violation of Section 11 [*sic*], Article I, of the Constitution of Oregon, to give evidence against himself; but, when he becomes a witness in his own behalf, he waives the constitutional guaranty as to all matters properly connected with his examination in chief, and subjects himself to such a cross-examination thereon as may tend to explain, elucidate, or affect the credibility of his testimony, and such cross-examination may be as vigorous and searching as that of any other witness." 52 Or at 571.

At that time, evidence of a prior conviction was admissible to impeach a witness's credibility without a "balancing test" like the one now found in OEC 403. *See State v. Dick, supra,* 91 Or App at 296.

Other courts have decided, more recently, that the admission of prior convictions to impeach a criminal defendant's credibility does not deny the right to be heard, which is

---

[5] Defendant argued below only that the court's ruling implicates the "impartial jury" clause of Article I, section 11. On appeal he urges, in addition, that the court's interpretation of OEC 609 improperly infringes on his right to be heard. We consider both arguments. *See State v. Hitz,* 307 Or 183, 766 P2d 373 (1988).

found not only in the Oregon Constitution but also in similar provisions of the United States Constitution[6] and other state constitutions. *See, e.g., United States v. Belt,* 514 F2d 837, 846-50 (DC Cir 1975); *Zilka v. Beto,* 334 F Supp 560, 562-63 (ND Tex 1971); *People v. Montez,* 197 Colo 126, 127-28, 589 P2d 1368 (1979); *People v. McKenna,* 196 Colo 367, 374-75, 585 P2d 275 (1978); *State v. Ruzicka,* 89 Wash 2d 217, 225-30, 570 P2d 1208 (1977); *but see State v. Santiago,* 53 Haw 254, 492 P2d 657 (1971). We agree with those cases.

Instead of having a judge "balance" in the context of a specific case, the people, as legislators, have resolved the policy issues involved in the use of evidence of previous convictions and have established general rules for the courts to follow. For example, convictions over 15 years old and convictions for misdemeanors not involving false statements or dishonesty are now inadmissible, OEC 609, and a defendant may request a limiting instruction. OEC 105. That decision by the people is no less constitutionally adequate than the balancing that trial judges performed before the 1986 amendment to OEC 609. *See State v. Ruzicka, supra,* 89 Wash 2d at 226. The fact that defendant found himself on the horns of a strategic dilemma does not mean that he was denied the right to be heard in his own defense. Even under his approach, he would have been on the horns of the same dilemma if the trial court had admitted the evidence after balancing under OEC 403.

■ Defendant next contends that OEC 609 violates his right to be tried by an impartial jury, because "a jury is highly prejudiced by the knowledge that the defendant has a prior conviction" and because, if the defendant chooses not to testify in these circumstances, the jury will "infer guilt from the defendant's silence." Again, other courts have rejected "impartial jury" arguments like the one that defendant advances here. *See, e.g., Spencer v. Texas,* 385 US 554, 87 S Ct 648, 17 L Ed 2d 606 (1967);[7] *Dixon v. United States,* 287 A2d 89, 94, *cert den* 407 US 926 (DC 1972); *People v. Robbins,* 88 Ill App 2d 447, 455-57, 232 NE2d 302 (1967), *cert den* 393 US 916 (1968); *Nance v. State,* 7 Md App 433, 441-43, 256 A2d 377

---

[6] The Fourteenth Amendment has been interpreted to protect the right to testify on one's own behalf. *See Rock v. Arkansas,* 483 US 44, 107 S Ct 2704, 97 L Ed 2d 37, 46 (1987).

[7] *See* US Const Amend VI.

(1969), *cert den* 398 US 954 (1970); *State v. Lindsey,* 81 NM 173, 181, 464 P2d 903, *cert den* 398 US 904 (1970); *State v. Ruzicka, supra.*

Article I, section 11, guarantees a fair and impartial trial. *State ex rel Ricco v. Biggs,* 198 Or 413, 428, 255 P2d 1055 (1953). Fairness is ultimately a question "for our own judicial sense of fairness, guided by our knowledge of the traditions which have shaped procedural rights and by our understanding of the mechanics of trial procedures, including the functioning in our present day practice." *Brooks v. Gladden,* 226 Or 191, 204, 358 P2d 1055, *cert cen* 366 US 974 (1961). Defendant's contention that *any* balancing other than a case-by-case judicial balancing pursuant to OEC 403 violates the impartial jury clause is untenable when measured against that standard. Defendant does not point to anything in OEC 609 that strikes the balance inappropriately, other than the fact that someone other than the trial judge has made the determination of admissibility. Judges are not the only ones capable of determining which prior convictions appropriately bear on credibility without creating undue prejudice. The amendment to OEC 609 is not a change of constitutional magnitude, especially in the light of Oregon's lengthy historical practice that required the admission of such evidence with no provision for judicial balancing.

Finally, defendant contends that balancing under OEC 403 is necessary, because juries do not heed limiting instructions. We do not see how changing the location of decision-making about the admissibility of prior convictions in a particular case from the trial judge to the legislature and the people increases that potential. Moreover, we presume that juries follow the court's instructions. *See State v. Proctor,* 94 Or App 720, 724, 767 P2d 453, *rev den* 308 Or 33 (1989); *see also Bruton v. United States,* 391 US 123, 135, 88 S Ct 1620, 1627, 20 L Ed 2d 476 (1968). Defendant has shown no reason to believe that the jury that heard this case would not follow instructions to consider evidence of his prior convictions solely in assessing his credibility. Permitting it to do so did not offend Article I, section 11.

Affirmed.