Argued and submitted April 4, 1991, decision of Court of Appeals and judgment of circuit court affirmed January 28, 1993

## STATE OF OREGON,
*Respondent on Review,*

*v.*

## HAYWOOD OLIVER BUSBY,
*Petitioner on Review.*

(CC 89-06-1596-C; CA A62705; SC S37685)

844 P2d 897

Irene B. Taylor, Salem, filed the petition and argued the cause for petitioner on review. With her on the petition was Sally L. Avera, Public Defender, Salem.

Timothy A. Sylwester, Assistant Attorney General, Salem, filed the response and argued the cause for respondent on review. With him on the response were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Janet A. Klapstein, Assistant Attorney General, Salem.

FADELEY, J.

Gillette, J., filed a concurring opinion in which Peterson and Graber, JJ., joined.

Unis, J., concurred in part and filed an opinion in which Van Hoomissen, J., joined.

### FADELEY, J.

Following a jury trial in which he did not testify, defendant was convicted of sexual abuse in the first degree. He appeals, claiming that OEC 609 violates his constitutional rights to be heard in his own defense and to trial by an impartial jury. On defendant's appeal, the Court of Appeals affirmed from the bench. *State v. Busby*, 104 Or App 306, 799 P2d 1155 (1990).

The part of OEC 609 on which defendant bases his constitutional attack provides:

"(1)  For the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime shall be admitted if elicited from the witness or established by public record, but only if the crime (a) was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, or (b) involved false statement or dishonesty."

■     OEC 609 mandates admission in evidence, if offered, of certain prior felony convictions of any witness "[f]or the purpose of attacking the credibility of" the witness.[1]

Our decision on review turns on the threshold requirements for mounting a constitutional challenge to a rule of evidence. The dispositive question is: May a defendant attack OEC 609, relating to impeachment of the defendant by certain prior convictions, as violative of constitutional protections without demonstrating how the operation of the rule in the defendant's case prevented or diminished enjoyment of those protections? We hold that such a demonstration is required. Because defendant did not show by offer of proof

---

[1] OEC 609 was amended by Oregon Laws 1987, chapter 2, section 9, adopted by the people at the 1986 general election. This court has construed those amendments to mandate admission of certain prior convictions, if offered. *State v. King*, 307 Or 332, 337-38, 768 P2d 391 (1989) ("balancing is impermissible;" constitutional issues not reached).

Former OEC 609 required that, before admitting evidence of previous felony convictions to impeach a witness, the trial court must first determine that the probative value of admitting the evidence outweighed its prejudicial effect to the defendant. ORS 40.355 (OEC 609) (1985). However, before the Oregon Evidence Code, including the original version of OEC 609, was adopted as Oregon Laws 1981, chapter 892, section 53, the rules of evidence used in this state did *not* require judicial balancing prior to admission of records of conviction to impeach a witness. ORS 45.600 (1979).

the substance of his proposed testimony that he contends was lost to him because of the rule of evidence and, thus, did not show how or whether his testimony might have contributed to his defense, we affirm.

Defendant was charged with first degree sexual abuse of a 15-year-old girl. Defendant moved pretrial to exclude evidence of his prior conviction for sexual abuse, arguing that, if evidence of his prior conviction were admitted, he would be "forced, because of the extreme prejudicial value of this evidence and the necessity that he testify on his own behalf, to waive trial by jury."

The trial court ruled that evidence of the prior conviction would be admissible at trial if defendant became a witness. The trial court concluded:

"3.   Defendant's right to testify and to be heard is not itself directly affected by the admission of prior convictions for impeachment purposes. Defendant may still testify and state his version of the facts to a jury.

"4.   Defendant will suffer no constitutional deprivation by the admission of the above-noted prior felony convictions."

At the conclusion of the state's case-in-chief, defendant renewed his motion to exclude evidence of the prior conviction. At that time, defendant asserted that he "is going to choose to exercise his right not to testify" because of the "fact" that the conviction would be used to impeach him. Prior to trial, defendant had said that he would waive jury trial. But after the court ruled that it would permit his prior conviction to be placed in evidence, he did not waive a jury. Instead, at trial, defendant took the position that the trial court's ruling that the prior conviction would be admitted for impeachment was, in effect, a ruling that excluded his testimony because, if he testified, the impartiality of the jury would be destroyed when the jury heard of his prior conviction for sexual abuse.

Defendant did not explain, represent, or offer what his "excluded" testimony would have been, either in support of his pretrial motion nor later at the time of its renewal after

the state presented its case-in-chief. Defendant did not testify. The jury was never apprised of defendant's prior conviction. It returned a verdict of guilty.

Defendant contends that OEC 609 violates his rights to be tried by an impartial jury and to be heard under Article I, section 11, of the Oregon Constitution,[2] and also his rights under the federal constitution to a fair trial by an impartial jury and to due process of law. Defendant states that his right to testify in his own defense was taken from him by that rule of evidence because, had he testified, evidence of his prior conviction of sexual abuse would have come before the jury "automatically" on the state's offer of it. Defendant argues that, having heard the prior conviction evidence, the jury's ability to decide the present charge impartially would be destroyed. Defendant concedes that instructions limiting the prior sexual abuse conviction evidence to impeachment, if such instruction is requested, would be available, OEC 105, but contends that the jury would not follow that limiting instruction, in part because the prior conviction was for the same offense.

Defendant asserts that OEC 609 violates the state and federal constitutional protections cited by mandating admission, if offered, of evidence for impeachment purposes of certain previous felony convictions without permitting prior "balancing" by the court of its probative value versus its prejudicial effect. He complains of the "wholesale admission" of a defendant's prior convictions without consideration of their relevance or effect on the impartiality of the jury.

In his pretrial motion to exclude evidence of his prior conviction, defendant argued: "[I]t is imperative that [defendant] testify on his own behalf. There is no one else who can tell [defendant's] side of the story." As noted, defendant did not elaborate further about what his side of the story would be, nor did he make any representation or offer of proof. Defendant claims that the exercise of his right to speak

[2] Article I, section 11, of the Oregon Constitution, provides in part:

"In all criminal prosecutions, the accused shall have the right to public trial by an impartial jury * * * to be heard by himself and counsel * * *."

A Comment, *Sword and Shield: An Analysis of Criminal Defendants' Right to Be Heard under Article I, section 11 of the Oregon Constitution*, 28 Willamette L Rev 127 (1991), reviews some interpretations of Article I, section 11.

in his own behalf was "chilled," violating his Article I, section 11, right to be heard.

The trial court's ruling, that the impeachment evidence was admissible, did not preclude defendant from testifying. The trial court so found. That is obviously accurate in a literal sense. Defendant's choice, not the trial court's ruling, resulted in the jury's not hearing defendant's testimony.

Moreover, defendant's careful consideration of that choice was facilitated by the timing of the ruling. In *State v. McClure*, 298 Or 336, 340, 692 P2d 579 (1984) − a case decided under the former version of OEC 609(1) that provided for discretionary balancing of probative value versus prejudicial effect − the court wrote:

> "We believe trial courts should rule on the admissibility of prior crime impeachment evidence as soon as possible after the issue is raised. It is only after a ruling on the admissibility of a conviction that the prosecutor and defense counsel can make an informed decision how to effectively try the case."

We continue to approve that practice under the present version of OEC 609. This court has recognized that a defendant's decision whether to testify has a significant impact on what questions to ask jurors during *voir dire*, what to say in opening statements, and the questioning of witnesses. *See State v. McClure, supra*, 298 Or at 340; *State v. Foster*, 296 Or 174, 183, 674 P2d 587 (1983) (reasons for seeking pretrial rulings are to obtain guidance on how to conduct *voir dire* and opening statements and to avoid contaminating the jury).

Defendant's decision in this case not to testify, when to do so would entail exposure of his criminal record, was a component of his overall trial strategy. A defendant's choice of strategy under the amended version of OEC 609 is no different than the choice that a defendant would have faced before the rule was amended to delete the trial court's exercise of discretion. There always was a risk of impeachment by prior convictions.[3]

---

[3] *See State v. Minnieweather*, 99 Or App 166, 169, 781 P2d 401 (1989), where the Court of Appeals repeated: "A defendant who testifies may constitutionally be subjected to cross-examination and impeachment * * *, *State v. Deal*, 52 Or 568, 98 P 165 (1908)."

The testimony that defendant here chose not to present might or might not have been judged by the jury sufficient to support reasonable doubt. We have no way of considering what effect defendant's testimony might have had. Under OEC 103(1)(b), when a trial court excludes testimony or other evidence, an offer of proof by the proponent of the evidence is required to preserve any claim of error related to what the evidence would have shown. *State v. Olmstead,* 310 Or 455, 459-60, 800 P2d 277 (1990); *State v. Affeld,* 307 Or 125, 128, 764 P2d 220 (1988).[4]

Adequate offers of proof are required to ensure that appellate courts are able to determine (1) whether it was error to exclude the evidence, and (2) whether any error was likely to have affected the result of the case. *State v. Affeld, supra,* 307 Or at 128. *State v. McClure, supra,* 298 Or at 341, quoting with approval *United States v. Cook,* 608 F2d 1175, 1186 (9th Cir 1979), *cert den* 440 US 1034 (1980), which set two requirements for an offer of proof:

> "In future cases, to preserve the issue for review, a defendant must at least * * * (1) establish on the record that he will in fact take the stand and testify if his challenged prior convictions are excluded; and (2) sufficiently outline the nature of his testimony so that the trial court, and the reviewing court, can [intelligently consider the ruling]."

This court previously has required a defendant to comply with the second prong of the requirements for an adequate offer of proof. *State v. Foster, supra.* In order to protect his claim of error concerning that evidentiary ruling, the defendant in *Foster* entered in the trial record both his proposed question on cross-examination and the document to which it related. On review, this court held that defense counsel had adequately preserved the assignment of error. 296 Or at 183. This court determined, from the record made at the pretrial hearing, that admission of the evidence would have been prejudicial error. *Id.* at 184. *See also State v.*

---

[4] A distinction must be made concerning a trial court's rulings striking a claim or defense, *as a matter of law.* There an offer of proof is not required to preserve the legal issue of whether such a defense, itself already disclosed on the record, is available in the context of the case. *State v. Olmstead,* 310 Or 455, 459-60, 800 P2d 277 (1990). *Compare with State v. Clowes,* 310 Or 686, 692, 801 P2d 789 (1990) (trial court may require offer of proof to make a relevancy determination, under OEC 104(1) and 401, as to whether a proffered defense is available as a matter of law).

*McClure, supra*, 298 Or at 339-42, 350 (defense counsel's offer of proof, by a representation advising trial court both (1) that the defendant would testify and (2) what his testimony would be, showing "the importance of defendant's testimony," was held sufficient for judicial review of trial court's ruling on admissibility of impeachment evidence).[5]

Even if error occurs during trial, this court will not reverse a conviction if the error is harmless. In *State v. Walton*, 311 Or 223, 230, 809 P2d 81 (1991), this court reiterated the rule for testing harmless error under the Oregon Constitution, found in *State v. Isom*, 306 Or 587, 595-96, 761 P2d 524 (1988), as follows:

> "Under Oregon law, a verdict against a criminal defendant may be affirmed notwithstanding trial error if the error did not affect a 'substantial right' of the defendant. OEC 103(1). This court has interpreted this to mean that the verdict may be affirmed if there is 'little likelihood that the error affected the verdict.' *State v. Hansen*, 304 Or 169, 180-81, 743 P2d 157 (1987); *see also State v. Miller*, 300 Or 203, 220-22, 709 P2d 225 (1985) [*cert den* 475 US 1141 (1986)]."

---

[5] OEC 103(1)(b) (except for plain errors affecting substantial rights) requires, where a claim of error is to be predicated on an evidentiary ruling, that:

> "In case the ruling is one excluding evidence, *the substance of the evidence was made known to the court* by offer or was apparent from the context within which questions were asked." (Emphasis added.)

Of course, the trial court's ruling here would have *admitted* evidence, but defendant's contention is that the ruling had the effect of *excluding* other evidence, *i.e.*, *defendant's testimony.* OEC 103(1)(b), *as* quoted, would apply to a claim of excluded evidence.

Where the error assigned on appeal is that favorable evidence has been excluded erroneously, Oregon case law prior to adoption of the evidence code in 1981 required an adequate offer of proof for reasons that continue to be valid under OEC 103. For example, in *Livesley v. Strauss*, 104 Or 356, 370, 206 P 850, (1922), finding the offer inadequate, this court said:

> "However, the questions asked the witness did not suggest the answer which would have been given if the witness had been permitted to answer, nor did the plaintiffs inform the court what the witness would have stated if permitted to testify; and consequently we cannot know whether the plaintiffs were injured by this ruling of the court."

In *Schweiger v. Solbeck*, 191 Or 454, 474, 230 P2d 195 (1951), this court said:

> "[C]ounsel should have made a proper offer of proof, not only to advise the trial court as to his position, but also so that this court on appeal might intelligently pass upon the trial court's ruling."

*See also State v. Jenkins*, 246 Or 280, 280-81, 424 P2d 894 (1967) (supreme court had "no way of determining whether the exclusion" of defendant's evidence was prejudicial, without an offer of proof).

Defendant's failure to place on the record what his trial testimony would have been has deprived this court of any basis for evaluating the gravity of the claimed error on which he relies.[6] Because the record made at trial, lacking any offer of proof, gives this court no foundation on which to determine whether defendant was prejudiced by the application of OEC 609, we do not reach defendant's claim that his Article I, section 11, right to be heard was violated because of OEC 609's mandatory provisions.

Next, defendant contends that OEC 609, as applied in this case, violated his right to trial by an impartial jury under Article I, section 11, of the Oregon Constitution. Defendant argues that, without a preliminary case-by-case balancing of probative value against prejudicial effect, mandatorily admitted evidence of a prior sexual abuse conviction for impeachment purposes probably will be so prejudicial to the defendant as to impair a jury's ability to be fair and impartial. Defendant asks this court to accept as a universal fact that "[j]uries will conclude a defendant is guilty based upon his prior convictions" and that jury instructions on the proper use of prior convictions are futile.[7]

We acknowledge that the threat of *potential* prejudice from the introduction of impeachment evidence may create a dilemma for a defendant with regard to the decision whether to testify. But we decline either to presume harm to defendant, when nothing in the record casts doubt on the jury's impartiality, or to assume that defendant was deprived of an impartial jury.

Defendant's final contention is that the trial court's application of OEC 609 violated his rights to a fair trial, an impartial jury, and due process of law under the Sixth and

---

[6] A defendant whose choice was to testify could still have claimed, as this defendant does, that state and federal constitutional rights to an impartial jury were violated by the trial court's ruling admitting evidence of the prior conviction. Failure to testify is not required to preserve any of the constitutional claims, defendant urges here.

[7] Defendant does not, nor can he on this record, argue that the jury impaneled for his own trial was influenced, improperly or otherwise, by the evidence of his prior convictions, because that evidence was never placed before the jury.

Fourteenth Amendments to the Constitution of the United States.[8]

■       We agree that the Sixth Amendment guarantee of a "trial by an impartial jury" is a basic requirement of due process, *Irwin v. Dowd*, 366 US 717, 722, 81 S Ct 1639, 6 L Ed 2d 751 (1961), and that the guarantee applies to state trials under the Fourteenth Amendment. *Duncan v. Louisiana*, 391 US 145, 148-49, 88 S Ct 1444, 20 L Ed 2d 491 (1968).

Defendant makes the same arguments under the federal constitutional provisions that he makes under Article I, section 11, of the Oregon Constitution, and its guarantee of an impartial jury. Our response is also the same; defendant has failed to present to this court a record offer of proof from which we could infer, even slightly, that the jury in defendant's trial was not impartial or that his choice to not testify deprived him of some process that he was due.[9] Trial error related to evidentiary rulings is usually subject to a harmless error analysis under the federal constitution, as well.[10] That

---

[8] The Sixth Amendment to the Constitution of the United States provides in part:

"In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury * * *."

Section 1 of the Fourteenth Amendment to the Constitution of the United States, in part, provides:

"[N]or shall any State deprive any person of life, liberty, or property, without due process of law * * *."

Defendant also cites the Fifth Amendment as being applicable to his contentions but does not relate them specifically to the text of that amendment.

[9] In order to raise and preserve error under FRE 609a, which, unlike the present version of OEC 609, requires a trial judge to balance probative value against prejudicial effect before admission of prior conviction impeachment evidence, a defendant must actually testify. Otherwise, it "would be a matter of conjecture whether" the trial court would, after balancing, have admitted the prior conviction for impeachment. *Luce v. United States*, 469 US 38, 42-43, 105 S Ct 460, 83 L Ed 2d 443 (1984).

[10] *See Arizona v. Fulminante*, 499 US ____, ____, 111 S Ct 1246, 113 L Ed 2d 302, 329-31 (1991), compiling cases in which the Supreme Court of the United States has applied the harmless error analysis to errors in the trial process, but distinguishing errors involving "structural defects in the constitution of the trial mechanism, which defy analysis by 'harmless-error' standards."

Where the harmless error inquiry is applied to direct appeals, the Supreme Court of the United States articulates the proper test as follows: "[B]efore a federal constitutional error can be held to be harmless, the court must be able to declare a belief that the error was harmless beyond a reasonable doubt." *Chapman v. California*, 386 US 18, 24, 87 S Ct 824, 17 L Ed 2d 705 (1967) (reconfirmed as the

analysis cannot be performed with nothing on the record to show the effect of any claimed error.

Any supposed, but undisclosed, detriment that defendant suffered by failing to testify was produced by his choice to remain silent, a choice also constitutionally guaranteed. Defendant's contentions present no grounds for reversal.

The decision of the Court of Appeals and the judgment of the circuit court are affirmed.

**GILLETTE, J.,** concurring.

I join in the disposition of this case. I write separately to note a matter concerning our present case law on preservation of error that I hope to see reconsidered by this court when it becomes pertinent.

The lead opinion is faithful to the procedure that this court spelled out in *State v. McClure*, 298 Or 336, 692 P2d 579 (1984). In that case, the question was whether a defendant, who desired to take the stand but was concerned about the potential impact on his testimony of impeachment by prior convictions, could obtain a pretrial ruling as to which of his prior convictions would be admissible for impeachment purposes. That question really involved two issues: (1) was the matter an appropriate one for pretrial consideration; and, (2) even if it was, does a defendant preserve for appellate review any pretrial ruling in this regard without first taking the stand and actually suffering the impeachment? In *State v. McClure, supra,* this court answered both of those questions in the affirmative. I should like to see this court take a further look at the answer to the second question, and wish to note my concern now.

In *State v. McClure, supra,* the defendant was charged with rape. He had a prior conviction for rape. Before trial, he moved the court for an order excluding the use of his prior conviction for impeachment purposes, arguing that the prejudicial effect of the use of such evidence would outweigh any probative value the evidence might have. *Former* OEC

proper test in *Yates v. Evatt*, 500 US ___, 111 S Ct 1884, 114 L Ed 2d 432 (1991), *overruled on different grounds, Estelle v. McGuire,* ___ US ___, 112 S Ct 475, 116 L Ed 2d 385 (1991)).

609(1).[1] After the trial court ruled that the prior conviction would be admissible for impeachment purposes, the defendant indicated that he would not be taking the stand because of that ruling. *Id.* at 339. The defendant was convicted. The Court of Appeals affirmed his conviction. *State v. McClure,* 67 Or App 335, 677 P2d 765 (1984).

On review, this court made two important rulings. First, it ruled that the defendant was entitled to obtain a pretrial ruling on the admissibility against him of the prior crimes impeachment evidence. *State v. McClure, supra,* 298 Or at 338-39. I have no quarrel with this rule. Counsel has a legitimate need to know the kind of cross-examination that his or her client may face if the client takes the stand and such a pretrial ruling does not create any advantage for either side.

This court also ruled, however, that the defendant did not have to take the stand and suffer impeachment in order to be able to preserve for appellate review the trial court's pretrial ruling on the admissibility of the impeachment evidence. So long as the defendant made an offer of proof as to what the substance of his testimony would be and stated that, were it not for the pretrial ruling, he would have taken the stand and testified in his own defense, he could raise the issue on appeal. *Id.* at 341-43.

Because the present case reaches the correct result without having to reconsider the rationale of *McClure* as to the second holding, I need not attempt here to re-examine the *McClure* court's rationale. The defendant did not make an offer of proof as to what the substance of his testimony would be. It is sufficient for the moment to note that the *McClure* opinion gave a tactical advantage to one party in that it permits a defendant, without risking anything, to have an "anchor to windward" in his or her case merely by saying that he or she would testify, were it not for the trial court's abstract (at that point) ruling. As noted in the lead opinion, 315 Or at 299, harmless error analysis becomes impossible when a defendant is not required to experience impeachment

---

[1] As the lead opinion notes, the balancing between probative value and prejudicial effect contemplated by *former* OEC 609(1) has been eliminated from the present version of the rule. 315 Or at 294 n 1; *State v. King,* 307 Or 332, 337-38, 768 P2d 391 (1989).

in order to complain about it.[2] It is my hope that, in a future case in which a defendant *does* make an offer of proof adequate under *McClure*, but *does not* testify, this court will be willing to re-examine that portion of *McClure*.

I concur.

Peterson and Graber, JJ., join in this opinion.

**UNIS, J.,** concurring in part.

Because defendant did not make a sufficient record for this court to determine the merits of his constitutional claims, I agree with the court's conclusion of affirmance. Because I do not wholly agree with the remainder of the court's opinion, I write separately.

Oregon Evidence Code (OEC) 609(1)(a), ORS 40.355(1)(a), as amended in 1986 by the "Crime Victims' Bill of Rights" initiative measure, Or Laws 1987, ch 2, § 9, provides that, subject to certain qualifications,[1] any conviction for a crime "punishable by death or imprisonment in excess of one year under the law under which the witness was convicted" is admissible in evidence "[f]or the purpose of attacking the credibility of a witness," including a testifying defendant.[2]

In this case, defendant seeks reversal of his conviction for sexual abuse in the first degree, a Class C felony, ORS 163.425. He claims that, to the extent that OEC 609(1)(a) requires a trial court to allow the state to impeach a

---

[2] As noted in the lead opinion, 315 Or at 301 n 9, a different approach appears in the analysis of the unanimous Supreme Court of the United States in *Luce v. United States*, 469 US 38, 105 S Ct 460, 83 L Ed 2d 443 (1984) (construing FRE 609a, the federal analog of *former* OEC 609(1), and concluding that a party cannot complain about an abstract pretrial ruling under the rule, but instead must take the stand and be impeached).

[1]
   "Evidence of a conviction under [OEC 609] is not admissible if:

   "(a) A period of more than 15 years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date[.]" OEC 609(2)(a).

Moreover, if "[t]he conviction has been expunged by pardon, reversed, set aside or otherwise rendered nugatory," it is not admissible for impeachment purposes. OEC 609(2)(b).

[2] Convictions for crimes "involv[ing] false statement or dishonesty" are admissible for the same purpose. OEC 609(1)(b).

testifying defendant with a prior felony conviction[3] without balancing the probative value of that conviction against its prejudicial effect, it infringes upon the defendant's constitutional right to be heard and to be tried by an impartial jury under Article I, section 11, of the Oregon Constitution and the Sixth and Fourteenth Amendments to the United States Constitution, and upon his due process rights under the Fourteenth Amendment to the United States Constitution.

Defendant filed a motion *in limine*[4] to prevent the state from using his prior conviction for sexual abuse in the first degree to impeach him if he took the stand to testify on his own behalf. At the pretrial hearing, defendant told the trial court that "[i]t is imperative that [he] testify on his own behalf. There is no one else who can tell [his] side of the story." Defendant also told the court that, if his prior conviction were admissible for impeachment, he would waive jury trial. The court ruled that, if defendant testified, the state could use defendant's prior conviction for impeachment purposes. Defendant did not waive jury trial. At the conclusion of the state's case-in-chief, defendant renewed his motion to prevent the state from using his prior conviction to impeach him if he testified. The court denied defendant's motion. Defendant did not testify, and evidence of his prior conviction was not offered in evidence by the state. Defendant appealed from his conviction for sexual abuse in the first degree, arguing his constitutional claims.

In *State v. McClure*, 298 Or 336, 341, 692 P2d 579 (1984), this court held that a defendant in a criminal trial need not testify at trial and be impeached with a prior conviction in order to obtain appellate review of an evidentiary ruling denying a motion to bar the state's use of a prior

---

[3] OEC 609(1)(a) does not use the term "felony." "[I]t allows impeachment by any criminal conviction 'punishable by death or imprisonment in excess of one year under the laws under which the witness was convicted.' In most jurisdictions, this definition encompasses only felony crimes. However, in a few states this definition may include criminal convictions that are not felonies." Kirkpatrick, Oregon Evidence 358 (2d ed 1989). In this opinion, the term "felony" will be used as a shorthand description of the type of crime described in OEC 609(1)(a).

[4] In *State v. Foster*, 296 Or 174, 183, 674 P2d 587 (1983), this court expressly approved the use of a pretrial motion *in limine* to obtain a ruling on evidence before the evidence is sought to be introduced. *See State v. Clowes*, 310 Or 686, 692, 801 P2d 789 (1990) (to the same effect); *State v. McClure*, 298 Or 336, 340, 692 P2d 579 (1984) (to the same effect).

conviction for impeachment purposes.[5] Although "[i]t is not realistic or necessary for a defendant to have to wait until he is on the stand to find out whether he will be impeached with prior crime evidence,"[6] the defendant nonetheless must protect the record. *State v. McClure, supra*, 298 Or at 341. *McClure* held that, to preserve error for appellate review, a defendant must (1) establish on the record that he will in fact testify if the prior crime evidence is excluded and (2) sufficiently outline on the record the nature of his testimony. *Id.*

Although *McClure* involved a non-constitutional evidentiary claim of improper impeachment with a prior conviction, and this case concerns constitutional claims of improper impeachment with a prior conviction, the reasons for, and the means of, protecting and preserving the record for appellate review as stated in *McClure* apply equally with respect to the constitutional claims that defendant makes in this case. A defendant's decision not to testify often is triggered by a variety of considerations. A reviewing court cannot, therefore, take for granted that a defendant's decision not to testify resulted from an adverse ruling on the motion *in limine*. More importantly, without knowing the nature of the defendant's testimony, whatever harm that may have flowed from the trial court's *in limine* ruling is purely speculative. Stated differently, without knowing the essence of the defendant's testimony, it is speculative for an appellate court to determine the impact that any impermissible impeachment may have had in the light of the record as a whole, *i.e.*,

---

[5] In *State v. McClure, supra*, 298 Or at 342 n 4, this court expressly disagreed with the holding of the Supreme Court of the United States in *Luce v. United States*, 469 US 38, 105 S Ct 460, 83 L Ed 2d 443 (1984). In *Luce*, the defendant made a motion *in limine* to exclude the use of a prior conviction to impeach him if he elected to testify. The trial judge ruled that the conviction would be admissible to impeach. As a result, the defendant elected not to testify. The Court held that, in order to raise and preserve for review the claim of improper impeachment with a prior conviction, a defendant must testify at trial and be impeached with the prior conviction. *Luce v. United States, supra*, 469 US at 43.

[6] In *State v. McClure, supra*, this court recognized the need for the "trial courts [to] rule on the admissibility of prior crime impeachment evidence as soon as possible after the issue is raised," that "[i]t is only after a ruling on the admissibility of a conviction that the prosecutor and defense counsel can make an informed decision how to effectively try the case," and that "[t]he decision has a significant impact on what questions to ask the jurors during voir dire, what to say in opening statements and the questioning of witnesses." *Id.* at 340. In *McClure*, this court observed that "[w]hether the defendant takes the stand changes the entire complexion of the case." *Id.*

whether any error that resulted from the trial court's ruling was likely to have affected the verdict.

This court has stated that "a substantial right of a criminal defendant is not affected if there is * * * little likelihood that the error affected the verdict." *State v. Hansen*, 304 Or 169, 180, 743 P2d 157 (1987) (citing *State v. Miller*, 300 Or 203, 220-21, 709 P2d 225 (1985)). *See State v. Williams*, 313 Or 19, 56, 828 P2d 1006 (1992) (Unis, J., dissenting) (stating test for harmless error under Article VII (Amended), section 3, of the Oregon Constitution); *id.* at 59 n 13 (stating test for federal constitutional "harmless error"). *See also State v. Affeld*, 307 Or 125, 128, 764 P2d 220 (1988) (one purpose of an offer of proof is to enable reviewing court to determine whether any error was likely to have affected the result of the case); *State v. Montez*, 309 Or 564, 604, 789 P2d 1352 (1990) (declining to resolve "extremely important as well as difficult questions" in constitutional challenge "merely because the question is raised," where analysis is inadequate).

Here, neither defendant nor his lawyer stated unequivocally on the record that defendant would have testified but for the trial court's ruling on defendant's motions. Assuming, *arguendo*, that defendant's statements to the trial court amounted to an assertion that he in fact would have testified if his prior conviction for sexual abuse in the first degree were excluded, defendant did not preserve for review his constitutional claims. Defendant did not make an offer of proof on the record as to what his testimony would have been had he testified in his own defense.

I agree with the majority that defendant did not adequately protect the record and preserve for appellate review his state and federal constitutional claims concerning the use under OEC 609(1)(a) of his prior conviction for impeachment purposes. Any comments concerning the merits of defendant's constitutional claims are, therefore, inappropriate.

Van Hoomissen, J., joins in this opinion.