Argued and submitted September 9, reversed and remanded for a new trial
December 21, 1994

# STATE OF OREGON,
*Respondent,*

*v.*

# GREGORY JAMES HILLIER,
*Appellant.*

## (CR2-1271; CA A82538)

887 P2d 845

Lawrence W. Erwin argued the cause for appellant. With him on the brief was Babb, Avedovech, Erwin & Haase.

Rolf C. Moan, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

ROSSMAN, P. J.

## ROSSMAN, P. J.

After a jury trial, defendant was convicted of driving under the influence of intoxicants. ORS 813.010. He assigns error to five of the trial court's rulings. We reverse and remand.

■ Defendant argues that the trial court erred by admitting into evidence an exhibit containing certified copies of the Oregon Administrative Rules 257-30-005 through 257-30-100, pertaining to alcohol breath testing, along with documentation apparently relating to the promulgation of those rules. The supporting documentation included memoranda from the Oregon State Police, results of studies measuring the accuracy of various Breathalyzers and Intoxilyzers, a letter from a drunk driving committee and virtually illegible data sheets concerning the Model 4011-A Intoxilyzer and the Stephenson Model 900 Breathalyzer. All the documents were stapled to the administrative rules and admitted as one exhibit.

Defendant objected to the admission of the rules and documentation. He argued that, although the court could take judicial notice of the rules, it was improper to admit copies of the rules into evidence. Defendant also argued that the documents attached to the rules were irrelevant, hearsay and highly prejudicial. Finally, he argued that admitting the results of scientific studies violated his right to confrontation, because he had no way of cross-examining those who performed the tests or of attacking the validity of the results.

■ The state argues that defendant's objection was not sufficiently specific, and consequently, if any portion of the exhibit was admissible, then the trial court's ruling should be upheld. *See State v. Brown*, 310 Or 347, 800 P2d 259 (1990). The state's argument lacks merit. Defendant particularly objected to "documents * * * which have X's drawn through them, * * * letters from the Lane County MADD Mothers, [and letters from a] drunk driving committee" as being irrelevant and prejudicial. It was clear from defendant's argument to the trial court which portions of the exhibit were objectionable.

Even assuming that the court could have properly admitted the administrative rules pertaining to the Model

4011-A Intoxilyzer, because that is the model of breath test machine used in this case, we conclude that it was error to admit all the other documents attached to those rules. To begin with, many were irrelevant, either because they concerned other issues or other machines not used in this case.[1]

The documents that did concern the Model 4011-A Intoxilyzer should have been excluded, because, even assuming that they had any relevance, they were highly prejudicial and likely to confuse the jury. *See* OEC 403. The documents included copies of ten pages of data that are both illegible and indecipherable. Several of the letters in the exhibit contained statements that the Intoxilyzer produces lower measurements of intoxication than blood testing. One letter said that the Intoxilyzer gives the driver the "benefit of the doubt."[2] The test results, too, indicated that the Intoxilyzer produces lower measurements of intoxication than blood testing. The documents attached to the administrative rules were unduly prejudicial and the trial court abused its discretion by admitting the documents.

■■   Evidentiary error is not presumed to be prejudicial and does not require reversal unless a substantial right of the defendant is affected. Or Const, Art III (amended), § 3; OEC 103(1); *State v. Busby*, 315 Or 292, 299, 844 P2d 897 (1993). A substantial right of a criminal defendant is not affected if there is little likelihood that the error influenced the verdict. *State v. Hansen*, 304 Or 169, 743 P2d 157 (1987); *State v. Moore*, 103 Or App 440, 445, 797 P2d 1073 (1990), *rev den* 311 Or 151 (1991). We cannot say that there was little likelihood that the admission of the documents influenced the verdict in this case. On the contrary, it is highly possible that the evidence could have caused the jury to give undue weight to the breath test evidence.[3] Because of our conclusion, we need not address defendant's other assignments of error.

---

[1] For example, one document had an "X" through it and it appears to be a notice of repeal of certain rules relating to "on-premise signs." Other documents concerned the Stephenson Model 900 Breathalyzer, a machine not used in this case.

[2] The letter went on to thank the Oregon State Police for helping "bring before the public the real risks associated with drinking and driving." Another document stated "the intoxilyzer values were either equal to or below the blood alcohol levels." Yet another stated, "the Intoxilyzer Model 4011-A has found to give accurate and reproducible breath-alcohol results."

[3] The state argues that the error is harmless, because it relates only to the Intoxilyzer results. The state points out that defendant could have been found guilty

Reversed and remanded for a new trial.

if the jury found either (1) that defendant's blood alcohol concentration was .08% or higher, or (2) that defendant drove while affected to a perceptible degree by intoxicants. The state contends that there was "substantial and convincing" evidence that defendant drove while affected by alcohol, and so the error with respect to the Intoxilyzer evidence was harmless. We do not agree. There was no special verdict in this case. We do not know what theory the jurors relied upon in returning a verdict of guilty. It is quite possible it relied on the Intoxilyzer results, and the inadmissible evidence bolstering the validity of the test.