Argued and submitted July 11, 1995, reversed and remanded May 1, petition for review allowed August 6, 1996 (324 Or 18)

Marianne L. KEYS,
*Appellant,*

*v.*

William M. NADEL, M.D.
and William M. Nadel, M.D., P.C.,
*Respondents.*

(92C11839; CA A84904)

915 P2d 1030

J. Michael Alexander argued the cause for appellant. With him on the briefs was Burt, Swanson, Lathen, Alexander, McCann & Smith, P.C.

Michael McClinton argued the cause for respondents. With him on the brief was Steven M. Lippold.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

ARMSTRONG, J.

## ARMSTRONG, J.

In an action for negligent medical care, plaintiff appeals from a jury verdict for defendant.[1] Plaintiff contends that the trial court erred by refusing to admit prior consistent statements about her condition to rebut defendant's charge that she was untruthful. We reverse.

Plaintiff first saw defendant in 1990, complaining of persistent abdominal pain and constipation. Defendant ran tests that showed that plaintiff's colon was overly elongated and convoluted. Eventually, in September 1990, he performed surgery and removed five to six feet of plaintiff's bowel. He then reconnected the large and small intestine.

Plaintiff claimed that, after the surgery, she developed nausea, vomiting and bloody stools. Ultimately, a second surgeon, Dr. Gaiser, operated on plaintiff and discovered a 360-degree "twist" in plaintiff's bowel. Gaiser concluded that the twist caused an obstruction that caused plaintiff's vomiting, bloody stools and pain. Gaiser removed the twist, and, subsequently, plaintiff's symptoms subsided.

Plaintiff sued defendant for negligence, alleging that defendant had improperly removed a large portion of her colon and, additionally, had left the twist in her bowel. She further alleged that defendant had acted negligently in disregarding her postsurgical symptoms.

A critical issue in the case was whether plaintiff made her postoperative symptoms known to defendant. Plaintiff claimed that she told defendant of her nausea, vomiting and bloody stools. She said that defendant had told her that the symptoms would subside in time. Defendant countered that plaintiff had never made any such complaints to him, and that, if she had, he would have immediately ordered tests to confirm any possible problem.

The issue on appeal is whether the trial court erred by refusing to allow plaintiff to introduce evidence of prior consistent statements about information she had given

---

[1] There are two defendants: Dr. William M. Nadel and his professional corporation. We refer to them in the opinion as defendant.

defendant of her postoperative difficulties. To address that issue, it is necessary to review the testimony that was given at trial.

Plaintiff opened her case in chief by calling defendant as a witness. Defendant testified that, when he saw plaintiff two weeks after the surgery, she was complaining of loose stools and of pain in the abdominal area in which defendant had operated. Defendant testified that he attributed the pain to the incision and that it was normal for the stools to be loose. Six weeks after surgery, plaintiff was still complaining of pain, but defendant testified that she did not complain to him about bloody stools or vomiting. He testified that, had he left a twist in her bowels, plaintiff would have been in excruciating pain and vomiting. Defendant stated that plaintiff showed no such symptoms and had "one of the best postoperative courses" he had ever seen. Defendant testified specifically that plaintiff did not complain in her postoperative visits of vomiting or bloody stools. Further, his charts showed no evidence of such complaints.

Dr. Gaiser testified that when he first saw plaintiff in July 1992, she complained of bloody stools and abdominal pain. Tests indicated that there was a problem at the site where the large and small intestines had been reattached. Gaiser performed surgery and discovered a 360-degree twist in plaintiff's colon just above where it had been reattached in the earlier surgery. Gaiser believed that the twist was caused by the first surgery. Plaintiff's counsel attempted to elicit from Gaiser testimony about what plaintiff had told him that she had told defendant after her surgery. Defendant objected that such testimony was hearsay, and the court sustained the objection. Plaintiff then made an offer of proof in which Gaiser stated that plaintiff had told him that she had repeatedly complained to defendant of nausea, vomiting, and loose, bloody stools.

Plaintiff then testified. She stated that she had told defendant in follow-up visits of her vomiting, weakness, and loose, bloody stools. She stated that he had told her not to worry and that she would get better in time.

Subsequently, two of plaintiff's friends testified. Ethelda Forsythe testified that she had observed that plaintiff suffered from uncontrollable diarrhea from the time defendant performed the first surgery. She stated that the vomiting and bloody stools started a couple of months after the surgery. She testified that she knew that plaintiff had been to see defendant, but she offered no testimony about whether plaintiff had told defendant of her problems. Patsy Fox testified that she had seen plaintiff use the restroom frequently and that plaintiff would also vomit from nausea. She also did not offer any testimony about what plaintiff had told defendant about her symptoms. At the close of plaintiff's case, however, plaintiff made an offer of proof that consisted of the following statement by her counsel:

"Your Honor, the only thing I would ask is plaintiff be allowed to recall [Forsythe and Fox] * * * to expressly testify as to [plaintiff's] statements to them about her complaints of nausea, vomiting and diarrhea to [defendant] * * *.

"* * * * *

"* * * The offer of proof is this. I believe if called to the stand, Ms. Forsythe and Ms. Fox would testify — they expressed concern regarding plaintiff's deterioration and their knowledge of her vomiting, nausea and bloody stool, and that they would testify quite clearly and convincingly that they said to her you should go in and tell your doctor about this, to which they would testify [that plaintiff] responded I already told [defendant] about all of that, including the nausea, vomiting and diarrhea, and he told me * * * you will be fine, it will clear up in a year."

During defendant's case-in-chief, Dr. Gabe, who had referred plaintiff to defendant and who had assisted during the surgery, testified that he had seen plaintiff for a post-operative visit in January 1991. His chart notes from that visit indicate that plaintiff told him that she had been light-headed and lethargic and had experienced "some diarrhea" since the surgery. His notes did not show any mention of vomiting or bloody stools. He stated that, had "she told me that, that would certainly be in my notes." Gabe testified that he did not think that plaintiff was an honest person. At the close of defendant's case, plaintiff sought to introduce as

rebuttal evidence the testimony of Forsythe and Fox that was described in the earlier offer of proof, but the court refused to allow that testimony.

OEC 801(4)(a)(B) provides:

"A statement is not hearsay if:

"(a)   The declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is:

"\* \* \* \* \*

"(B)   Consistent with the testimony of the witness and is offered to rebut an inconsistent statement or an express or implied charge against the witness of recent fabrication or improper influence or motive \* \* \*."

In this case, plaintiff testified that she told defendant of her symptoms. Defendant and Gabe countered by stating that plaintiff was a dishonest person and that she had never once informed either of them about the complications. Clearly, defendant attacked plaintiff's credibility. Plaintiff argues that, because the evidence presented by defendant constitutes an attack on her credibility, she should have been permitted to rebut that attack by introducing her prior statements to Gaiser, Forsythe and Fox that were consistent with her testimony that she had told defendant of her complications following surgery.

■        The trial court did not err in excluding the statement offered by Gaiser. Under OEC 801(4)(a)(B), prior statements are admissible to rebut a charge of fabrication if those statements are consistent with testimony offered at trial that is subject to cross-examination. In this case, Gaiser testified before plaintiff testified. Thus, at the time plaintiff offered Gaiser's testimony, it could not properly be considered to contain prior consistent statements, because plaintiff had not testified to anything with which the testimony could be consistent. The requirements of OEC 801(4)(a)(B) had not been met. Further, plaintiff did not attempt to reintroduce that testimony after she had testified. Thus, the court properly excluded that portion of Gaiser's testimony.

■ On the other hand, plaintiff *had* testified that she had informed defendant of her nausea, vomiting and bloody stools before she made an offer of proof regarding her prior consistent statements to Forsythe and Fox. The trial court erred by refusing to admit that evidence.

Evidential error is not presumed to be prejudicial and does not require reversal unless a substantial right of the party is affected. OEC 103(1); Or Const, Art VII (Amended), § 3; *State v. Busby*, 315 Or 292, 299, 844 P2d 897 (1993). Plaintiff argues that she was substantially prejudiced by the exclusion of the Forsythe and Fox testimony, because her credibility was a key issue in this case. We agree. The issue whether plaintiff had made her complaints known to defendant was central to whether defendant acted negligently in treating her. Because both defendant and another doctor testified that plaintiff never informed them of her symptoms, she was prejudiced by being unable to rebut that testimony with her prior consistent statements. Thus, the case must be reversed and remanded.

Reversed and remanded.