97 F.3d 1461
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Francis Lee SMITH, Petitioner-Appellant,
v.
Manfred F. MAASS, Respondent-Appellee.
 No. 95-35774.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 16, 1996.*
Decided Sept. 25, 1996.
 
 Before: ALDISERT,** PREGERSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Since the parties are familiar with the facts, we need not recite them here.
 
 
 3
 Counts I and VI were alleged to have occurred between May 15, 1986, and August 9, 1986. The second trial involved Counts II and VII, which allegedly occurred between November 1, 1985, and December 15, 1985. Thus, Smith was never exposed to double jeopardy for the same offense or prosecuted twice for different offenses based upon the same criminal episode.
 
 
 4
 Smith fails to show how he was prejudiced by the alleged ineffective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 688 (1984). Smith's trial counsel exercised reasonable professional judgment by advising Smith to seek severance of the counts. Consecutive sentences for offenses that arise from "a continuous and uninterrupted course of conduct" were authorized under ORS 137.123(4)(a) (1989).
 
 
 5
 Smith failed to contest the second trial court's admission of the prior conviction evidence on direct appeal and therefore has procedurally defaulted this issue. Coleman v. Thompson, 501 U.S. 722, 735 n. 1 (1991). Further, there is no evidence that Smith's appellate counsel's performance was constitutionally ineffective to excuse the default.
 
 
 6
 Under Oregon Evidence Code 609(1)(a) ("OEC"), evidence of a previous conviction may be admitted for impeachment purposes. The trial court was not required to balance the probative value against its prejudicial effect in admitting the prior conviction evidence under OEC 609. State v. King, 768 P.2d 391 (Or.1989); State v. Minnieweather, 781 P.2d 401, 402 (Or.Ct.App.1989).
 
 
 7
 As such, Smith's appellate counsel's decision not to appeal the second trial court's admission of prior conviction evidence was reasonable. Thus, Smith procedurally defaulted this issue and there is no reason to excuse the default.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable Ruggero J. Aldisert, Senior United States Circuit Judge for the Third Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3